## Commonwealth v. Giacobbe

142

*G. Coe Farrier,* for County of Philadelphia.
*Belmont, Benedetto & Rubin,* for defendant.

LEVINTHAL, J., December 27, 1940.—Defendant filed her petition averring that she had been found guilty by the jury of murder in the first degree, that her motions for a new trial, in arrest of judgment, and for judgment on the record had been refused, that she had been sentenced to imprisonment for life, that she has filed her appeals to the Supreme Court of Pennsylvania, and that she is now destitute and without means to pay for the printing of the record and paper books required in the prosecution of her appeals. The petition prayed for an order directing the County of Philadelphia to print the record and paper books for her. In an affidavit filed by defendant with her petition, the trial judge was requested to assign counsel nunc pro tunc to prosecute the appeals for defendant. No counsel fees were requested in the petition or the affidavit.

The petition and affidavit were filed more than a month after defendant had perfected her appeals to the Supreme Court of Pennsylvania and after the entire record had been duly removed from the quarter sessions court to the appellate court.

The trial judge declined to enter an ex parte order as originally requested, but granted a rule to show cause why the County of Philadelphia should not be required to pay the costs of printing the record. A joint answer was filed on behalf of the District Attorney and County Commissioners of Philadelphia County and the City Treasurer and City Solicitor of Philadelphia. Respondents demanded proof of the allegation of defendant's destitution and, furthermore, contended that this court is without

authority to impose the costs of printing the record upon the County of Philadelphia.

Defendant's petition must be dismissed for several reasons. In the first place, the entire record having been removed from this court to the Supreme Court of Pennsylvania, it is questionable whether the quarter sessions court has jurisdiction at this time to enter the order prayed for. It is well established, as a general rule, that a court of first instance cannot further proceed with the cause after it has been served with a writ of certiorari issued by an appellate court: Harwood, to use, v. Bruhn et ux., 313 Pa. 337 (1934); Gilbert v. Lebanon Valley Street Ry. Co. 303 Pa. 213 (1931); Ewing v. Thompson, 43 Pa. 372 (1862). It may, however, be urged that the order prayed for may properly be entered by the trial judge, despite the removal of the record to the appellate court, insofar as it aids in "the protection and preservation of the subject of the appeal," and in "the presentation of the case in the appellate court": 4 C. J. S. 1093.

However, assuming our jurisdiction over the subject matter of the petition, a careful reading of the pertinent statutes indicates that the legislature provided for the payment by the county of a destitute defendant's expenses only where the trial judge has appointed counsel in limine, and not, as here, where defendant was originally represented by privately engaged counsel: Act of March 22, 1907, P. L. 31, sec. 1, 19 PS §784, and Act of June 3, 1911, P. L. 627, sec. 1, 19 PS §1232. It is to be noted that in this case defendant at her trial was represented by able counsel of her own choice, who were undoubtedly compensated by defendant. Subsequently, her present counsel were engaged by defendant to argue the motions for a new trial, in arrest of judgment, and for judgment on the record. Apparently fees have been paid by defendant to her present counsel also, but the petition does not disclose the amount of compensation paid to any of her numerous counsel.

It is true that in Commonwealth v. Kosh, 16 D. & C. 634 (Lackawanna Co. 1931), where the facts were similar to those of the present case, a different conclusion was reached, the court there finding that the relief asked for is "within the purpose and intent" of the Act of 1911, though "not literally within its language". The soundness of that decision is doubtful. The language of both the Act of 1907 and the Act of 1911 is plain and unambiguous. We should not, by indulging in speculation, rewrite those statutes and extend their provisions to cases not provided for by the legislature.

Furthermore, even if it be assumed that this court has the statutory authority under the facts of this case to appoint counsel nunc pro tunc and to impose the costs of printing the appellate paper books upon the county, defendant's petition should be dismissed because her counsel have failed to file the affidavit required by the Act of 1907. That statute provides that the trial judge may make an order for the payment of defendant's expenses only where counsel assigned by the court "file . . . an affidavit that he has not, directly or indirectly, received, nor entered into a contract to receive, any compensation for such services from any source other than herein provided." In Commonwealth v. Becker, 28 D. & C. 518 (Jefferson Co. 1937), it was properly held that this requirement is a condition precedent, is mandatory, and cannot be dispensed with.

Finally, it is to be observed that there is no real necessity for the relief asked for by petitioner, that she may file her petition with the Supreme Court of Pennsylvania asking leave to proceed in forma pauperis, and that her rights will thus undoubtedly be adequately safeguarded, if she be truly destitute.

And now, to wit, December 27, 1940, after due and careful consideration, the petition of defendant is dismissed, her request for the appointment of counsel nunc

pro tunc is denied, and the rule to show cause why the County of Philadelphia should not pay the costs of printing the record and paper books on appeal is discharged.