## Iannuzzo v. Thomas

*Albert B. Carrozza* and *Ralph G. Mastriani,* for plaintiff.

*S. U. Colbassani,* for defendant.

HOBAN, P. J., April 25, 1949.—The action is assumpsit to recover the face amount of a check drawn by defendant, upon which payment was stopped. The

statement of claim sets forth the giving of the check by plaintiff to the order of "Lew's Garage", drawn on the Old Forge Discount & Deposit Bank, on January 5, 1945, the presentation to the bank and the protesting of the check by reason of "payment stopped". The affidavit of defense pleaded failure of consideration and defendant counterclaimed for the cost of further repairs to his truck alleged to be caused by the original inefficient workmanship and neglect of plaintiff for work on the truck, for which work the check was originally given. An amended affidavit of defense added the affirmative defense that plaintiff had not registered to do business under the Fictitious Names Act of May 24, 1945, P. L. 967, and thus had no right to commence this action or to recover thereon until compliance with the terms of the act as to registration and payment of a fine. The reply to the counterclaim denied that there was any inefficiency or neglect on the part of plaintiff and that any further work done on the truck was because of circumstances within the control of defendant. It is noted that the action was commenced on March 25, 1946.

The case was tried before Hoban, P. J., and a jury. Plaintiff offered the check and notice of protest in evidence. On cross-examination plaintiff stated that he was operating his garage under the name of Lew's Garage, Louis Iannuzzo, Proprietor, and that the name of "Lew's Garage" was never registered under the Fictitious Names Act; that he had considered registration prior to his entry into the military service during the war, but after he saw that he was to be drafted he did not bother about the matter. The first endorsement on the check is as follows: "For deposit only, Lew's Garage" and no place does the check bear the proper name of plaintiff.

The evidence indicates that in the last part of December 1944, defendant's truck became disabled on a

highway and was brought to plaintiff's garage in Dupont, Luzerne County, and left there for repairs, which were completed on January 5, 1945. Defendant gave plaintiff the check in question for the amount of plaintiff's repair bill, $214.45, and took the truck away. Some days later he stopped payment on the check. Defendant claimed that plaintiff, in addition to repairing the differential on the truck, which was apparently done in a satisfactory manner, made unauthorized repairs to the motor and suffered the cooling liquid in the motor to freeze while in plaintiff's garage, which caused the damage to the motor block, as a result of which defendant was obliged subsequently to take the truck for further repairs to a repairman in Old Forge, Lackawanna County, who did the work for the amount represented by the counterclaim. According to this last repairman's records the work was completed May 1, 1945. Plaintiff, of course, denied that he permitted the motor to freeze up while in his garage and claimed that defendant specifically authorized the work on the motor.

It is interesting to note that defendant at no time attempted to separate the cost of the repairs to the motor, which he alleges were unsatisfactory, from the cost of repairs to the differential, which apparently were done in a satisfactory manner.

We are satisfied that the issues as to the failure of consideration as an excuse for stopping payment of the check and the validity of the counterclaim were fairly and adequately presented to the jury. Whether the work done by plaintiff was properly done and whether the work subsequently done, for which the counterclaim was filed, was necessary were clearly questions of fact. The jury found for plaintiff for the face value of the check, plus the protest fees, and an examination of the record discloses no valid reason why a new trial should be granted, unless the with-

drawal from the jury of consideration of the effect of failure of plaintiff to register under the Fictitious Names Act should afford such reason. However, we are of the opinion that on the evidence the question is clearly one of law, and we consider it under the motion for judgment n. o. v.

The Act of 1945 prohibited doing business without proper registration, both in the offices of the Secretary of the Commonwealth and of the prothonotary of the proper county, and provided penalties for violation of the act. As it affected suits or contracts, the act provides that the validity of contracts with unregistered persons is not impaired, but further provides that "no such action shall be instituted or recovery had by any such persons on any such contract, either express or implied . . . until such person or persons comply with the provisions of this Act. . . ." The act then provides that before anyone may institute any action on a cause of action arising prior to the filing of the application for registration, a license fee or fine shall be paid to the use of the Commonwealth. The act then provides as follows:

"This Act shall apply to all actions pending at the date of the passage of this Act: provided, that the plaintiff in any such suit shall pay all costs accrued prior to compliance with the provisions of this Act: . . .".

The Act of 1945 repealed the Fictitious Names Act of June 28, 1917, P. L. 645, as amended, 54 PS 21 et seq.

Under the 1917 act the penalty of the loss of right to sue for failure to comply with the Fictitious Names Act applied only to unregistered nonresidents: Balch et al. v. Shick, 147 Pa. Superior Ct. 273. But the 1945 act clearly imposes this penalty on unregistered residents. See opinion of Wingerd, P. J., in Alleman v. Lowengart et al., 63 D. & C. 430. We, therefore, are

presented with this situation: The contract on which the suit was based was accomplished prior to the passage of the Act of 1945, but the action was not commenced until after its passage. But the clear intention of the legislature was to make the act apply to situations arising before its passage but embraced within its general scope, and this is such a situation. If, therefore, plaintiff's method of doing business was under a ficitious name, he must register and pay the fine for tardy registration before he can institute an action or recover under any claim pending on May 24, 1945.

We are of the opinion that the name and style of the business, "Lew's Garage", was clearly a fictitious name, and that plaintiff was the sole proprietor of the business does not change the fact. The style of doing business as such rather than in combination with the proper name of plaintiff is confirmed by the endorsement of the check, showing that the bank account was likewise in the same style. Plaintiff may be correct in his principle of law that the defense of nonregistration is an affirmative one and the burden is on defendant to prove it; but, where the facts are adduced from plaintiff's own testimony, as they were here, such testimony is decisive. The term "burden of proof" does not necessarily mean that the person charged with the burden has to come forward with the evidence, but that evidence must be brought forward to support his contention, and where the evidence is brought out by the adverse party, the burden is satisfactorily met.

Therefore, plaintiff had no right to institute this action prior to compliance with the act and the action must be regarded as a nullity. Since the act is designed to force compliance with the policy of the State as to the conduct of business within its territory but does not impair the obligation of the original contract, a judgment of nullity must not carry an adjudication of

the merits. Under the circumstances, the following order is deemed to be appropriate:

Now, April 25, 1949, judgment non obstante veredicto is entered in favor of defendant and against plaintiff, without prejudice to plaintiff's right to institute another action after complying with the provisions of the Fictitious Names Act of May 24, 1945, P. L. 967.

Now, April 25, 1949, the rule to show cause why a new trial should not be granted is discharged.