## Clarkson et al. *v.* Crawford.

*Appeals—Premature appeal—Reduction of verdict—New trial—Act of April 9, 1925, P. L. 221.*

1. Where the court below makes an order granting a new trial unless plaintiff files a remittitur of part of the verdict in his favor, an appeal by him will not lie until and unless he refuses to accept the reduced verdict.

2. Under like circumstances, a defendant cannot appeal, under the authority of the Act of April 9, 1925, P. L. 221, until and unless plaintiff refuses to accept the reduced verdict, for that statute conditions the right to an appeal upon the granting of a new trial, which cannot occur unless plaintiff has made his election so to do.

*Contract—Breach—Measure of damages—Burden of proof.*

3. In a suit to recover for refusal to permit plaintiff to perform a contract, the measure of damages is the difference between the contract price and what it would have cost him to perform, and the burden of proving both factors is on him.

*Appeals—New trial—Discretion of court—Evidence.*

4. Ordinarily, the court below will not be reversed for granting a new trial, if the evidence on which appellant necessarily relies, to establish an abuse of discretion, is partly oral and is given by witnesses whom the trial judge saw and heard.

*Contract—Alteration—Consent of parties.*

5. A contract, once made, cannot be altered or changed without the consent of both parties to it.

6. The parties to a contract may change it in such a way as to them seems best, but so doing will result in a modification only, and not in a destruction of the contract.

Argued January 7, 1926. Appeals, No. 408, Jan. T., 1925, and No. 107, Jan. T., 1926, by plaintiffs and defendant, from orders of C. P. No. 5, Phila. Co., March T., 1922, No. 7787, in case of John L. Clarkson and Philadelphia Trust Co., Receivers of the John R. Wiggins Co., Inc., v. Daniel Crawford, Jr. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeals quashed.

Assumpsit for breach of contract. Before SEARLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $35,000. The court refused motion of defendant for judgment n. o. v., but entered an order granting a new trial unless a remittitur was filed for all damages in excess of $12,500. Opinion by MARTIN, P. J.

*Errors assigned* were as follows:

Plaintiff appealed assigning as error the order granting new trial unless remittitur was filed, quoting record.

Defendant appealed assigning as error refusal of judgment n. o. v., quoting record.

*Ralph B. Evans,* for defendant.—The evidence shows that the parties did not intend to be bound until a contract had been reduced to writing and signed: Wilson v. Coal Co., 269 Pa. 127.

Plaintiffs' only claim was for loss of profits. The burden was on him, not only to show with reasonable certainty that there would have been a profit but what this profit would have amounted to. It was not enough therefore, merely to prove the existence of a contract; plaintiff was obliged to go further and prove the expense to which it would have been put in carrying out the contract. Without such evidence, there was no basis from which a jury could intelligently tell what profit, if any, plaintiff would have realized: Lentz v. Choteau, 42 Pa. 435; Harlow v. Boro., 188 Pa. 263; Sauer v. McKees Rocks School Dist., 243 Pa. 294; Lytle v. Somers, 276 Pa. 409; Stevenson v. Smith, 82 Pa. Superior Ct. 539.

*W. W. Montgomery, Jr.,* of *Roberts & Montgomery,* for plaintiffs.—A written contract was not necessary to bind the parties: Smith v. Kaufman, 30 Pa. Superior Ct. 265; Park v. Ry., 58 Pa. Superior Ct. 419; Shermer v. Wilmart, 282 Pa. 55.

The action complained of was arbitrary and constituted an assertion of power by the court below, which, under the attending circumstances, it did not possess: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Smith v. Kaufman, 30 Pa. Superior Ct. 265; Wilson v. Wernwag, 217 Pa. 82; Stevenson v. Smith, 82 Pa. Superior Ct. 539.

OPINION BY MR. JUSTICE SIMPSON, January 18, 1926:

Plaintiffs sued to recover $100,000 damages for the breach, by defendant, of an alleged oral agreement by which they were to design and build for him a ten-story apartment house, for its cost plus ten per cent profit, and obtained from the jury a verdict of $35,000. The court in banc refused defendant's action for judgment non obstante veredicto, but, upon his motion for new trial, made an order, without the usual limit of time being stipulated therein, that "upon filing a remittitur

for all damages in excess of $12,500, the rule for a new trial is discharged; otherwise rule absolute." Without waiting for plaintiffs' action on the election thus given to them, defendant took one of the present appeals, assigning as error the refusal of his motion for judgment non obstante veredicto; thereupon plaintiffs followed with the other appeal, alleging that the court below abused its discretion in making the above order.

Both appeals must be quashed because prematurely taken. As to plaintiffs, finality cannot result until after they have made their election, for only then can it be known whether or not they are hurt by the action of the court below. If they agree to take the smaller amount, they will have no standing to appeal, for, in that event, they voluntarily choose to accede to that which was done; if they refuse, they will then, for the first time, be in a position to complain, for not until then can they be injured by the granting of a new trial. So far as defendant is concerned, since no judgment has been entered, his right to appeal depends on the Act of April 9, 1925, P. L. 221, which conditions the right on the fact that a new trial has been granted; as yet this has not occurred, nor will it until and unless plaintiffs elect not to accept the $12,500. We have examined the ultimate questions involved, however, just as we would have done had they been properly before us, and have decided to set forth our conclusions regarding them, for the benefit alike of the parties to this suit and all others who may find themselves in a similar situation. We do so because this is the first appeal to us under the Act of 1925, and also because, if we simply quash the two appeals without more, it will probably result in at least one later appeal, after plaintiffs' election has been made.

On its single assignment of error, plaintiffs' only contention is that,......since the court below stated, in its opinion, that the weight of the evidence showed the oral agreement sued on had been made, and only reduced the

verdict because it believed the damages were excessive,.. ....an abuse of discretion would appear, if they could satisfy us there was not sufficient evidence to justify the reduction.   To this we cannot assent, but, if we did, plaintiffs would not be helped.   Their damages, if any, are to be measured by the difference between the contract price and what it would have cost them to perform (Wilson v. Wernwag, 217 Pa. 82), and the burden of establishing both factors is on them.   "A plaintiff who claims damages for the loss of a contract, is as much bound to prove that he has sustained damages as he is to prove the contract itself": Lentz v. Chateau, 42 Pa. 435, 438; Rightmire v. Hirner, 188 Pa. 325, 329; Bastian v. Marienville Glass Co., 281 Pa. 313, 317.   Plaintiffs do not deny this, but aver they carried the burden when they showed, by one of their number, that they had made allowance for the only expense to which they allege they would have been subjected if they had performed.   But neither the court nor the jury were legally bound to believe the statement of this interested witness, especially as it is difficult, if not impossible, to reconcile this one with what he said elsewhere in his testimony; and that neither tribunal did fully believe him on this point, is evident from the lower amount awarded by the jury, and the still greater reduction made by the court.   Moreover, defendant's evidence, if believed by the jury (as it was in part), would have still further diminished, if it did not wholly overcome, plaintiffs' claim, even if the jury also believed a binding contract had been made.   The trial judge saw and heard the witnesses, and hence his opinion, on the question of amount, may have been based on his better opportunity, thus acquired, to judge of the truth of the allegation, than we can have, since we have not been thus favored: Mirkil v. Morgan, 134 Pa. 144, 155.   Because of this, it is impossible for us to say that there was an abuse of discretion in making the order of which plaintiffs com-

plain: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Republic Mortgage Co. v. Irwin, 278 Pa. 124.

Defendant is in no better position. Plaintiffs' evidence tended to show that the parties had made a binding contract; and the jury so found. True, it elsewhere appeared, in plaintiffs' case, that certain additional provisions were afterwards discussed by them. If those provisions were not agreed to, however, they are of no moment, for a contract, once made, cannot be altered or changed without the consent of both parties: Briggs v. Logan Iron & Steel Co., 276 Pa. 326. If they were agreed to, they modified but did not destroy the previous oral contract; and though, in that event, the statement of claim might be held to be defective, because it does not set forth the full agreement between the parties, this point was not made in the court below, and need not be considered here. Indeed, it was not made here; what defendant contended was that the discussion of and agreement regarding those additional provisions, showed that no binding contract had been made; but these facts do not conclusively determine that point, which, as stated, the jury has decided against defendant.

Each appeal from the order of the court below is quashed.