Gilbert *v.* Lebanon Valley Street Railway Co., Appellant.

Argued January 28, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*Howard V. Fisher,* with him *Harold J. Ryan* and *Newell Duvall,* for appellant.—The provisions of the Act of March 5, 1925, P. L. 23, precluded the entry of the judgment for default of an affidavit of defense: Wettengel v. Robinson, 288 Pa. 362; Wilson v. Garland, 287 Pa. 291; Howe v. R. R., 295 Pa. 337; Bernhardt v. Bass, 91 Pa. Superior Ct. 123.

*Geo. B. Balmer,* with him *Zieber & Snyder,* for appellee.—The provisions of the Act of May 5, 1925, P. L. 23, do not prevent the entry of a judgment for default of an affidavit of defense after the court of first instance has determined that it has jurisdiction of defendant.

Appeals under the Act of May 5, 1925, P. L. 23, are governed by the provisions of the Act of May 19, 1897, P. L. 67: Watkins v. Justice, 256 Pa. 42; Com. v. Tweedy, 74 Pa. Superior Ct. 577.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1931:

In the way provided by the Act of March 5, 1925, P. L. 23, defendant challenged the jurisdiction of the court below over it. That tribunal sustained its jurisdiction, and, within the fifteen days provided by the statute, defendant appealed to this court, to which the record, as required by section 2 of the Appeals Act of May 19, 1897, P. L. 67, was duly removed. While the appeal was pending and the record was still here, plaintiff entered judgment against defendant for want of an affidavit of defense. Subsequently, we sustained the ruling appealed from (Gilbert v. Lebanon Valley Street Ry., 300 Pa. 384) and the record was returned to the court below. Defendant then moved to strike off the default judgment entered as above stated; a rule to show cause was granted, which was afterwards discharged, because defendant, on its appeal under the Act of 1925, had not entered security or obtained a special order of supersedeas, as provided by the Appeals Act of May 19, 1897, P. L. 67, and its amendments. Defend-

ant again appealed, and our single question is therefore: Are appeals under the Act of 1925 governed by the provisions of the Act of 1897 as amended, so far as they relate to the requirement of bail or special allowance in order to stay further proceedings in the court below pending the appeal? We are clear that they are not.

The Act of 1925 does not refer to the Act of 1897, or to any other appeal statute, but does say that the decision on the question of jurisdiction "may be appealed to the Supreme Court or Superior Court, as in cases of final judgments." The court below held that the last part of this clause in effect wrote the provisions of the Act of 1897, as amended, into the Act of 1925; but it is evident that those words must be construed with the first part, and only relate to a determination of the question as to which of the two appellate courts shall have jurisdiction of the appeal.

Nor do the provisions of section 12 of the Act of 1897, as amended by the Act of May 11, 1927, P. L. 972, or section 15 of the former statute as amended by the Act of April 22, 1929, P. L. 629, when properly construed, affect the Act of 1925 in any way. To understand the Act of 1927, it must be considered in its entirety, and not as if it were a series of disconnected enactments. Section 4, as amended by section 1 of the Act of 1927, supra, provides that "No appeal shall be allowed in any case from an order, judgment or decree of any court of common pleas or orphans' court, unless taken within three calendar months from the entry of the order, judgment, or decree appealed from, nor shall an appeal supersede an execution issued or distribution ordered, unless taken and perfected, and bail entered in the manner herein prescribed within three weeks from such entry." It will be noticed that the bail required does not refer to appeals from interlocutory orders, as was the first appeal in this case, but only where it is desired to supersede an execution issued upon or distribution directed by the order, judgment or decree appealed from. It has,

therefore, no relation whatever to interlocutory orders upon which the winning party cannot further proceed. Section 5 refers to the form of the bond required, and sections 6 to 11 each relates to the character of bond in a particular class of cases. Then comes section 12, which, as amended in 1927, provides that "In appeals from judgments and decrees in mandamus, quo warranto, contested election cases, from sentences in criminal proceedings and all other classes of cases not herein otherwise provided for, the appeal shall not operate as a supersedeas" unless specially allowed. This, however, relates only to "judgments and decrees" which may be enforced by final process unless a supersedeas is specially granted, and not to appeals from a mere interlocutory order, which cannot be enforced by the appellee, but merely operates to sustain the court's jurisdiction. Section 15 of the Act of 1897, as amended by the Act of 1929, is also inapplicable. Having in the preceding sections determined what must be done to stay further proceedings when execution or enforcement process might be issued by the successful party, the legislature was faced with the situation that, unless some provision was made to avoid the implication, it might be said no appeal could thereafter be taken in any case unless security was given or a supersedeas specially allowed. It therefore enacted section 15, which provides that "Appeals may be taken from any sentence, order, judgment, or decree without security in any proceeding where by law the same is or may be allowed; but in such cases the appeal shall not operate as a supersedeas" with certain exceptions not relevant here. There is not the slightest suggestion of a purpose to enlarge the classes of cases in which security was to be entered, which matter was fully covered, in a regular and consecutive order, in the earlier sections of the statute. The first part of section 15 was intended to exclude the idea that appeals could never be taken without security, and the last part to exclude the idea that an appeal without

security would supersede execution or enforcement process (except in the special instances later specified therein), where, under the earlier sections, it was required if the appeal was to have that effect. This conclusion is evident from the fact that the section says nothing regarding the instances where a special supersedeas may be allowed and hence, if considered alone, would overturn the effect of such allowance, as provided for in the earlier sections. The scope of the section cannot be enlarged to include matters not within its evident purpose, and hence it has no effect on the instant question. As a matter of history, possibly having some bearing when considering the scope and effect of the Act of 1897, it may be added that it was reviewed, section by section, by the fourteen judges of the Supreme and Superior Courts, sitting in joint session, and, in the form thus amended, was adopted by the Pennsylvania Bar Association, passed by the legislature and approved by the governor. In any event, since it is clear that, as the order sustaining the jurisdiction of the court below over the person of defendant was not one upon which an execution could be issued or a distribution ordered, the Act of 1897, and its amendments, have no bearing on the question now being considered, and none other has been pointed out to us which could have.

It is clear also that the manifest purpose of the Act of 1925 excludes the idea of security being required on an appeal from the ruling of the court below on the question of its jurisdiction over the defendant. It was passed in order that this question might be decided before the merits of the case were considered. Hence the act required that this question be raised preliminarily, that all appeals from the decision be taken within fifteen days and promptly heard in the appellate court, and that all "such procedure shall be deemed de bene esse only and shall not operate as a general appearance." Because of this we said in Wilson v. Garland, 287 Pa. 291, 293: "As may readily be seen, the purpose of the

statute is to afford a speedy means of securing a final determination of jurisdictional matters in limine, *before inquiry into the merits of the case"*; and in Wettengel v. Robinson, 288 Pa. 362, 367, that "The Act of 1925 is intended to permit appeals from orders concerning purely jurisdictional points *before proceedings are had on the merits,"* which latter statement was quoted with approval in Skelton v. Lower Merion Twp., 298 Pa. 471, 473.

At common law, a court of first instance was without jurisdiction to proceed with a cause after the record thereof had been removed to an appellate court (Kountze v. Omaha Hotel Co., 107 U. S. 378, 381; Sheerer v. Grier, 3 Wh. 14; 2 R. C. L. 122), for the obvious reason that it had no record upon which it could proceed. This is still the law in the absence of a controlling statute, and here there is none. It is particularly applicable in this class of cases, since, until the appeal is decided, it could not be known whether defendant is subject to the jurisdiction of the court below.

The order of the court below is reversed, the judgment against the defendant and all proceedings dependent thereon are set aside, and a procedendo is awarded.