Lamberton National Bank of Franklin, Appellant, *v.* Shakespeare et al.

Argued April 7, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

450

*John F. Budke* and *Albert L. Thomas,* for appellant.

*A. B. Jobson,* with him *M. P. Breene,* of *Breene & Jobson* and *Pentz & Pentz,* for appellees.

OPINION BY MR. JUSTICE LINN, April 30, 1936:

A judgment,[1] entered pursuant to a warrant contained in a note dated April 25, 1932, was opened on the petition of H. Shakespeare, M. Shakespeare and B. Shakespeare, to permit them to defend on the ground, as averred in their petition, that they were not members of the partnership on whose behalf the note was executed and had not authorized its execution.

The issue was tried with a verdict for plaintiffs. Defendants moved for a new trial and for judgment n. o. v. pursuant to the Act of April 22, 1905, P. L. 286, as amended by the Act of April 9, 1925, P. L. 221, 12 PS sections 681 and 682. On November 30, 1934, both motions were refused. Confusion has resulted from misunderstanding the effect of that order.

The mere refusal of the motion for judgment was not the equivalent of the entry of judgment for the plaintiff.

---

[1] The defendants named were "O. Shakespeare, L. Shakespeare, M. Shakespeare, H. Shakespeare and B. Shakespeare, doing business as a partnership under the firm name of Shakespeare Brothers, and O. Shakespeare, individually."

The act provides that in passing on the motion ". . . it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence. . . ." Accordingly, the judgment must be entered by the court or by its officer at its express direction: *Watkins v. Neff*, 287 Pa. 202, 134 A. 625. See also *Trestrail v. Johnson*, 297 Pa. 49, 146 A. 150.

Instead of asking the court to enter the judgment after the motions were acted on, plaintiffs' attorney directed the prothonotary to enter judgment and the prothonotary complied with the request.[2] This unauthorized entry by the clerk was of course properly stricken off when brought to the attention of the court.

Shortly afterward, at the same term, defendants moved for reconsideration of their motions for new trial and for judgment n. o. v. and the court ordered reargument. After reargument, the court adhered to its refusal of the motion for judgment n. o. v. but granted the motion for a new trial, and in doing so said ". . . we are convinced that justice and equity require that a new trial be granted. . . ."

The plaintiff now asserts that there was abuse of discretion in awarding a new trial; we can find nothing in its argument that would sustain its complaint: *Class and Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333; *Garland v. Gordon*, 295 Pa. 99, 144 A. 829; *Trimble v. Mennel Milling Co.*, 313 Pa. 188, 169 A. 84. As defendants have not appealed from the refusal of their motion for judgment we refrain from discussing that subject. We cannot accept appellant's argument that the Act of 1905, supra, does not apply to the trial of an issue to determine whether a defense exists to a confessed judgment opened for the purpose. The words

---

[2] We disregard the dates referred to in the record and briefs because the prothonotary had no authority at any time to enter the judgment on plaintiff's motion.

of the act are ". . . whenever, upon the trial of any issue, a point requesting binding instructions has been reserved . . .," etc.

In the interest of both parties, we have dealt with the merits of plaintiff's complaint and have accordingly disregarded the technical effect of these proceedings of the appeals at No. 152, March Term, 1935, and No. 29, March Term, 1936: see *Harwood v. Bruhn,* 313 Pa. 337, 341, 170 A. 144; *Ewing v. Thompson,* 43 Pa. 372, 376.

No. 28, March Term, 1936, order affirmed, costs to abide the ultimate result.

No. 29, March Term, 1936, appeal dismissed.

No. 152, March Term, 1935, appeal dismissed.