Opinion by
 

 Kenworthey, J.,
 

 The original controversy, viz., whether defendant, an attorney, had personally agreed to pay plaintiffs the cost of printing a Record and Brief, has long been discarded as a basis for the battle. The finding on the merits in plaintiffs’ favor was made May 8, 1936. Defendant’s motions for new trial and judgment n. o. v. were overruled June 3, 1936. Unfortunately, in overruling the motion for judgment n. o. v., the court (Lewis, J.), failed to certify the evidence and direct that judgment be entered for plaintiffs. This it should have done.
 
 National Bank v. Shakespeare,
 
 321 Pa. 449, 184 A. 669. Overlooking the fact he had no authority without such order (see
 
 National Bank v. Shakespeare,
 
 supra), the prothonotary, at plaintiffs’ request, entered judgment on December 4, 1940. Upon discovering that this judgment, so entered, was vulnerable to attack, plaintiffs, on January 30, 1941, applied to the court for a rule to show cause why it should not be stricken and a valid one entered nunc pro tunc. This rule was argued before Glass, J., Knowles, J. and Brown, P. J. Of these three judges, Knowles, J. was the only one who had passed upon the original motion for judgment n. o. v. After hearing on petition and answer, the court made an order striking off the invalid judgment, but refused to enter another one nunc pro tunc. Instead it certified the evidence and entered judgment as of February 7, 1941.
 
 *275
 
 Defendant then obtained a rule to show cause why this judgment should not be stricken. The appeal is from the court’s order discharging this rule.
 

 Defendant’s first contention is that the members of the court which heard argument and entered the February 1941 judgment were, in effect, reviewing the original order overruling the motion for judgment n. o. v. and that they were without power to do so. The basis of his contention is not entirely clear, but we hold that the court was not reviewing the original order. It was supplying a required formality. The Act of 1905
 
 [1]
 
 provides: “......it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence......” When Judge Lewis overruled defendant’s motion for judgment n. o. v. and didn’t grant a new trial, the only judgment possible was for plaintiffs. And the court which later entered it was not required to consider the evidence or rehear the merits.
 

 Defendant next contends that plaintiffs were guilty of laches in waiting four and a half years before attempting to perfect the judgment. But the oversight was Judge Lewis’, not plaintiffs’. Defendant is in no position to complain that plaintiffs didn’t move until 1941 to secure the judgment rightfully due them in 1936. It was to his benefit that no judgment existed during the intervening period.
 

 Finally, defendant raises in this court for the first time the question whether, in order to recover, plaintiffs were required to prove compliance with the Fictitious Names Act.
 
 [2]
 
 The question was raised too late.
 
 *276
 

 Bovaird v. Barrett &
 
 Son, 78 Pa. Superior Ct. 68. Besides, the penalty of the loss of the right to sue for failure to comply applies only to unregistered nonresidents.
 
 Lamb v.
 
 Condon, 276 Pa. 544, 120 A. 546.
 

 Judgment is affirmed.
 

 [1]
 

 The Act of April 22, 1905, P. L. 286, as amended by tbe Act of April 9, 1925, P. L. 221, 12 PS 681, 682.
 

 [2]
 

 Act of June 28, 1917, P. L. 645, Sec. 1, as amended by tbe Act of May 10, 1921, P. L. 465, Sec. 1 and tbe Act of June 29, 1923, P. L. 979, Sec. 1, 54 PS Sec. 21.