## Green's v. Pearthree

*Hamaker & Coho*, for plaintiff.

*Daniel H. Shertzer*, for defendant.

SCHAEFFER, P. J., May 25, 1951.—In this case a confessed judgment was entered on August 9, 1950, in the prothonotary's office of Lancaster County, no. 1267, 1950, for $471.38 in connection with a television transaction. Execution was issued thereon on August 10, 1950, to August term, 1950, no. 100. On August 22, 1950, a petition was presented to open the judgment and let defendant into a defense. On December 18, 1950, the court opened the judgment at the instance of the attorney for defendant and stayed all proceedings. On March 14, 1951, a petition was presented by defendant to dismiss the action on the ground that it was brought under a fictitious name which has not been registered in accordance with the Fictitious Names Act of May 24, 1945, P. L. 967. A rule was granted on this petition. On the same day a petition was presented by plaintiff to amend the record and caption so as to read "Sol Greenberg, trading as Green's Clothing Store, v. James E. Pearthree and Elgiva Pearthree," the later being the wife of James E. Pearthree, defendant in this action. The petition sets forth that petitioner, Sol Greenberg, is the real party in interest as plaintiff in the above cause and that he is registered to do business under the assumed or fictitious name of "Green's Clothing Store."

The questions to be decided are: (1) Whether plaintiff can recover in this action for failure to register the fictitious name of "Green's" under the Fictitious Names Act, and (2) whether the petition to dismiss the action for such failure is too late after defendant obtained an order of court opening the judgment in this case and letting him into a defense.

The Fictitious Names Act of May 24, 1945, P. L. 967, provides, inter alia, as follows:

"No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary in the County, wherein the principal place of business is located, . . . an application. . . . The failure of any such person or persons to file the applications aforesaid . . . shall not impair or affect the validity of any contract with such person or persons, and actions or proceedings at law or in equity may be instituted and maintained on any such contract, but no such action shall be instituted or recovery had by any such persons or any such contract, . . . until such person or persons comply with the provisions of this Act."

In Alleman v. Lowengart et al., 63 D. & C. 430, it was decided that one conducting business under a fictitious name without registration cannot recover the price of goods sold in the course of the business until he registers properly under the Fictitious Names Act, and a suit instituted before payment of such license fee or fine will be dismissed without prejudice to institute another action after paying a license fee or fine of $25 and all costs of the original action. In Iannuzzo v. Thomas, 68 D. & C. 406, it was decided that under the Fictitious Names Act of May 24, 1945, P. L. 967, either a resident or nonresident doing business under a fictitious name without registering must register and pay the fine for tardy registration before he can institute an action.

In the case at bar plaintiff does not question the effect of failure to register a fictitious name, but con-

tends that the petition to dismiss the case is too late and that the questions now raised are matters of substantive defense to be proven at the trial of the case pursuant to the opening of the confessed judgment. Defendant claims that Pa. R. C. P. 1028 (*b*), relating to preliminary objections, is applicable, requiring that all preliminary objections be filed at one time.

While a confession of judgment is a form of bringing an action, it is not necessarily governed by the Pennsylvania Rules of Civil Procedure. A petition to dismiss the action, as in the instant case, if presented in due time, is permissible. The petition to open the judgment and the answer thereto may be regarded as the pleadings in the case.

In Balch et al. v. Shick, 147 Pa. Superior Ct. 273, relied upon by plaintiff, the question of the failure to comply with the Fictitious Names Act was raised after a delay of four and one-half years and for the first time on an appeal to the Superior Court. The court held that this constituted laches which barred relief.

Ordinarily, failure of registration of a fictitious name is a matter of defense and the burden is on defendant to prove it, but where the pleadings show the facts and they are practically not in dispute, a different situation arises. In the instant case the sales slip, containing the confessed judgment, has on it the name of "Green's," although the name of the plaintiff is alleged to be Sol Greenberg, who registered to do business under the name of Green's Clothing Store on June 8, 1945, but never registered as Green's. In Mangan et al. v. Schuylkill County, 273 Pa. 310, it is held that the word "fictitious," as used in this act of assembly, is explanatory of "assumed," and means "pretended," "not real," "arbitrarily invented or devised." It is evident that the name 'Green's" in the instant proceedings is a fictitious or an assumed name and while the failure of plaintiff to register this fictitious name, as

required by the Act of 1945, supra, does not impair the obligation of the contract between the parties, nevertheless, plaintiff cannot institute or maintain these proceedings or enter any confessed judgment because he has failed to register the name "Green's," or pay to the Secretary of the Commonwealth a license fee or fine of $25 before proceeding legally.

And now, May 25, 1951, the rule to amend the record and the caption in this suit is discharged and the rule to dismiss the action is made absolute at the cost of plaintiff.