Brunswick Corporation *v.* Key Enterprises, Inc.,
Appellant.

Argued April 30, 1968. Before BELL, C. J., JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert H. Malis,* with him *John P. Trevaskis, Jr.,* and *Malis & Feldman,* and *Trevaskis & Doyle,* for appellants.

*Jerome E. Furman,* with him *Garland D. Cherry,* and *Rappaport, Furman & Gianopoulos,* and *Kassab, Cherry, Curran & Archbold,* for appellee.

OPINION BY MR. JUSTICE COHEN, August 6, 1968:

This action of trespass was commenced in the Court of Common Pleas of Delaware County by appellee, Brunswick Corporation, against ten defendants. A compulsory nonsuit was entered as to six of the seven individual defendants, and a directed verdict was entered in favor of two of the three corporate defendants. The jury returned a verdict against appellants, Key Enterprises and Benjamin J. Levin, in the amount of $19,596.64. Appellants filed motions for a new trial, which motions were denied. This appeal followed.

The following facts appear of record: On December 22, 1961, appellee, a vendor of laboratory equipment, entered into a deferred payment sale agreement with Community Laboratories, Inc., to sell laboratory equipment for $13,128.21. The sum of $1,049.97 was paid pursuant to that agreement, but no additional payments were made to appellee by Community.

On March 1, 1962, Community leased a store from appellant, Key Enterprises. The lease was for a term of three years and provided for the payment of rent at monthly intervals. Appellant Benjamin Levin, an officer and minority stockholder of Community (lessee) was also president of the corporate landlord.

On September 14, 1962, in furtherance of a distraint warrant obtained by the landlord, a constable levied upon the goods on the laboratory premises posting a notice of sale. Among the goods distrained upon

by the landlord was the equipment delivered by appellee to Community. Since there were no other bidders at the constable's sale on September 25, 1962, Key Realty Co., a subsidiary of Key Enterprises, obtained the equipment. The sum of $1,445 was paid to the constable by check of Key Realty Co. signed by Benjamin Levin, representing payment for the equipment distrained upon. After payment of the constable's costs, the proceeds were paid over to Key Enterprises. The property still remains upon the premises of the landlord.

The jury found that this action on the part of the landlord constituted an illegal distraint under §313 of The Landlord and Tenant Act of 1951 (Act of April 6, 1951, P. L. 69, §313, 68 P.S. §250.313) because no rent was due at the time that the landlord distrained upon the property. The jury based its verdict on testimony which indicated that Benjamin Levin, acting in his capacity as principal officer of the corporate landlord, orally agreed to postpone the payment of rent until Community became a going concern and since that event never occurred no rent was due and owing.

Appellants contend that the testimony concerning the existence of an oral agreement to postpone the payment of rent until Community became a going concern was erroneously admitted by the court below since (1) this testimony was taken by depositions and counsel for appellants was not notified of the taking of the depositions, and (2) the contents of the depositions violated the parole evidence rule since it contradicted the terms of the lease between the landlord and tenant.

With respect to these contentions, it is only necessary to indicate that appellants failed to object to either the admission or content of this testimony in the lower court, and by so failing to object have waived

their right to have these contentions considered on appeal. The general rule is well settled that questions not properly raised in the court below will not be considered by our Court on appeal. *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A. 2d 649 (1962); *Bourd v. Berman,* 359 Pa. 183, 58 A. 2d 442 (1948); *Allegany Gas Co. v. Kemp,* 316 Pa. 97, 174 Atl. 289 (1934).

Appellants further contend that the evidence adduced at trial warranted a finding that rent was due and owing to the landlord at the time of the distraint and therefore the distraint was lawful. Since there was conflicting testimony as to the existence of an oral agreement to postpone payment of the rent indefinitely, we cannot summarily overturn the verdict of the jury indicating that no rent was due. On the contrary, after carefully examining the record in this case, we find sufficient evidence to support the conclusion reached by the jury.

Appellants finally contend that appellee is not entitled to recover double damages under §313 of The Landlord and Tenant Act of 1951, which section provides as follows: "In case any distress *and sale* of personal property shall be made for rent when no rent is due to the person distraining or to the person in whose name the distress has been taken, then the owner of the personal property shall, by action of trespass brought against the person distraining, recover *double the value of the personal property so distrained and sold,* together with the costs of suit." (Emphasis supplied).

Appellants argue that the Act has no applicability because there was no "sale" of the goods within the meaning of the Act by the corporate landlord following the distraint. After the distraint was made the constable posted the customary notices but no customers appeared, whereupon the property was "sold"

to Key Realty Co., an agent and subsidiary of the corporate landlord. Therefore, we must determine whether this transaction constitutes a "sale" within the meaning of The Landlord and Tenant Act.

Although there is no definition of "sale" in The Landlord and Tenant Act, an indication of what the legislature meant by "sale" can be gleaned from an analysis of the double damages provision of §313 of that Act. In our opinion, the legislature intended to award double damages to an owner of goods illegally distrained upon only when title to those goods passed to a bona fide purchaser for value and not otherwise. We do not believe that the legislature intended to award double damages in a situation where title has not passed to a bona fide purchaser for value, and the landlord who unlawfully distrained still retained possession of the goods. Under these circumstances the owner still has the election to either institute an action of replevin to recover the goods unlawfully distrained upon or an action of trespass to obtain the value of the goods converted. An award of double damages would not serve to compensate him for any loss suffered but would be strictly penal in nature. However, where title has passed as a result of the unlawful distraint, since the owner has been, without election, permanently deprived of the use and ownership of such goods, an award of double damages would be proper and reasonable.

In the instant case, title has not passed as a result of the "sale" by the constable. Key Realty was not a bona fide purchaser because it was fully aware of the interests of an adverse party (appellee's security interest). Benjamin Levin, as an officer of the tenant, the corporate landlord, and Key Realty knew that the goods purchased from appellee by Community had not been paid for. Since the goods are still in the hands of a party who cannot be considered a bona fide pur-

chaser, the goods are not forever lost to appellee, but remain recoverable either by a writ of replevin or by a common law action of trespass. *Manegold v. Quinn,* 45 Pa. Superior Ct. 482 (1911). Thus appellee has suffered no permanent deprivation requiring the imposition of double damages upon appellants.

In summary we conclude that the transaction which occurred in the instant case did not constitute a "sale" within the contemplation of The Landlord and Tenant Act of 1951 and hence appellee is not entitled to an award of double the value of the goods distrained upon.

We further conclude that Benjamin Levin was not individually liable since he was acting in his capacity as an officer of the corporate landlord in causing a distraint warrant to be issued against Community when no rent was due.

Since appellee is not entitled to double damages, the judgment entered in the court below must be modified and recovery against Key Enterprises limited to $9,798.32, which sum represents one-half of the verdict rendered by the jury and reflects the value of the goods unlawfully distrained upon.

Having reached these conclusions we find it unnecessary to discuss appellants' contention that appellee was not the "owner" of the goods distrained upon and hence not a proper party to institute an action under §313 of The Landlord and Tenant Act of 1951.

Judgment reversed as to Benjamin Levin and modified as to Key Enterprises, and as modified, affirmed.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.