## Corabi, Appellant, *v.* Curtis Publishing Company, Appellant.

144

Argued November 24, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused March 20, 1970.

146

*Jerome J. Shestack,* with him *Tom P. Monteverde, Robert F. Simone,* and *Schnader, Harrison, Segal & Lewis,* for plaintiffs.

*Harold E. Kohn,* with him *David H. Marion* and *Helen H. Stern,* for defendant.

OPINION BY MR. JUSTICE EAGEN, January 20, 1970:

Lillian Reis instituted this suit on her own behalf and on behalf of her two daughters, as parent and guardian, seeking damages in five counts from the defendant, Curtis Publishing Company, for publication of an article in the October 26, 1963 issue of The Saturday Evening Post entitled "They Call Me Tiger Lil." The complaint charged that the said article: (1) constituted unfair competition with Lillian Reis (publication of a false and misleading biography); (2) was defamatory of Lillian Reis; (3) invaded the right of privacy of Lillian Reis; (4) plagiarized from Lillian Reis; and, (5) invaded the privacy of the two daughters of Lillian Reis.

A jury trial resulted in a verdict in favor of the plaintiffs and against the defendant. Damages were awarded as follows on the various claims:

(1) On the claim of Lillian Reis for unfair competition, $25,000 compensatory damages and $75,000 punitive damages;

(2) On the claim for defamation of Lilliam Reis, $250,000 compensatory damages and $500,000 punitive damages;

(3) On the claim for the invasion of the privacy of Lillian Reis, $25,000 compensatory damages and $50,-000 punitive damages;

(4) On the claim for the invasion of the privacy of Lillian Reis' daughter, Barbara Corabi, $100,000 compensatory damages and $200,000 punitive damages;

(5) On the claim for the invasion of the privacy of Lillian Reis' daughter, Michael Corabi, $200,000 compensatory damages and $400,000 punitive damages.

Timely motions were filed by the defendant for judgment notwithstanding the verdict or a new trial as to all claims. Subsequently, the court en banc below, after consideration of these motions, filed joint orders in which it entered judgment for the defendant notwithstanding the verdict in the actions involving Lillian Reis' claim for unfair competition and invasion of privacy; upheld the finding of the jury that Lillian Reis was entitled to damages from the defendant for defamation, but ruled that the verdict of the jury was excessive and should be reduced to $100,000 compensatory and $200,000 punitive damages; upheld the finding of the jury that Barbara Corabi was entitled to damages from the defendant for invasion of privacy, but ruled that the verdict was excessive and should be reduced to $15,000 compensatory damages and $25,-000 punitive damages; upheld the finding of the jury that Michael Corabi was entitled to damages from the defendant for invasion of privacy, but ruled that the verdict was excessive and should be reduced to $25,000 compensatory damages and $50,000 punitive damages.[1]

The foregoing "orders" closed with the following:

"Appropriate remittitur in compliance with these reductions of the verdicts shall be filed by the plaintiffs

---

[1] The sum effect of the court's orders was to reduce the total of the awards given to the plaintiffs by the jury from $1,825,000 to $415,000.

within thirty (30) days hereof and in the event of noncompliance, the defendant is granted a new trial."

Subsequently, counsel for the plaintiffs filed with the Prothonotary a document entitled "Acceptance of Remittiturs," which stated in part:

"The undersigned hereby accept the following remittiturs required by the Orders of the Court dated June 24, 1969, without prejudice to whatever rights plaintiffs might have to have the remittiturs reviewed on appeal."[2]

At the same time, a praecipe signed by plaintiffs' counsel was also filed directing the Prothonotary to enter judgments against the defendant in favor of Lillian Reis in the sum of $300,000; in favor of Barbara Corabi in the sum of $40,000; and, in favor of Michael Corabi in the sum of $75,000, and judgments were entered.

Subsequently, the defendant filed timely appeals from the judgments entered in favor of all plaintiffs. Lillian Reis also filed appeals on her own behalf from the lower court's orders which, inter alia, directed a reduction in the jury's verdict. No appeals were filed on behalf of Barbara Corabi and Michael Corabi. In the appeals filed by Lillian Reis, the assignments of error challenge the correctness of the orders in the

---

[2] On or about the same day this document was filed, the defendant's counsel received from the plaintiffs' counsel a copy of this "Acceptance of Remittiturs" with the following letter:

"Enclosed is your copy of an Acceptance of Remittiturs which we have this day filed with the Court.

"While we have attempted to phrase the Acceptance in a manner which will preserve any right which our clients might have to appeal the reductions in the verdicts, we have adopted this wording only as a cautionary measure.

"We have also reviewed the Orders in detail with Miss Reis and have been authorized to state that our clients are willing to compromise and settle this case in accordance with the Court's Orders."

court below: (1) reducing the jury's verdict in her action for defamation and, (2) entering judgment n.o.v. in the action involving her claim for unfair competition.

When these appeals came before this Court for oral argument, we concluded it wise to resolve preliminarily two questions raised by the defendant before proceeding to a consideration of the merits. Hence, oral argument at that time was limited to these issues, and it is to a disposition thereof that our present decision is directed.

The defendant first contends that the judgments entered in favor of the plaintiffs should be stricken because of unauthorized entry. As noted before, these judgments were entered by the Prothonotary at the direction of plaintiffs' counsel through praecipe. The court did not enter the judgments or direct such entry. Citing *Lamberton National Bank v. Shakespeare*, 321 Pa. 449, 184 A. 669 (1936), the defendant submits that following the disposition of a motion for judgment n.o.v., the judgment must be entered by the court itself or by its officer at its express direction.

The authority of a party litigant to move for judgment n.o.v. and the power of the court to grant such a judgment is provided for by the Act of April 22, 1905, P. L. 286 (commonly known as The Non Obstante Veredicto Act), as amended by the Act of April 9, 1925, P. L. 221, 12 P.S. §681. This act provides that in passing on a motion for judgment n.o.v., "it shall be the duty of the court, if it does not grant a new trial, to . . . certify the evidence, and to enter such judgment as should have been entered upon that evidence. . . ."

In *Lamberton National Bank v. Shakespeare*, supra, a verdict for the plaintiff was returned by the jury and the defendants moved for judgment n.o.v. The court denied the motion, but failed to enter a judg-

150

ment in favor of the plaintiff or to order its entry. Plaintiff's counsel then directed the Prothonotary to enter the judgment and the Prothonotary complied. The defendants then moved to strike the judgment, and the court granted the motion ruling that, under the circumstances, the Prothonotary lacked the authority to enter the judgment. On appeal, we affirmed, stating in part at 451: "This unauthorized entry by the clerk was of course properly stricken off when brought to the attention of the court." Cf. *Watkins v. Neff*, 287 Pa. 202, 134 A. 625 (1926); *Balch v. Shick*, 147 Pa. Superior Ct. 273, 24 A. 2d 548 (1942).

The weakness of the defendant's position on this issue is that the question was not raised timely in the court below. In this respect, the instant situation differs materially from that presented in *Lamberton National Bank v. Shakespeare*, supra. While it is true that the defendant did move to strike the judgments in the court below, this was not done until after the defendant had filed and perfected its appeals therefrom. In view of the appeals pending in this Court, the lower court was then without jurisdiction to act on the motion. See *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965); *Kingsley Clothing Mfg. Co. v. Jacobs*, 344 Pa. 551, 26 A. 2d 315 (1942); *Gilbert v. Lebanon Val. St. Ry. Co.*, 303 Pa. 213, 154 A. 302 (1931). Under such circumstances, the defendant did not raise the issue properly and is precluded from raising it now. It is fundamental that on appeal we will not consider a question raised by the appellant which was not properly raised in the court below. *Brunswick Corporation v. Key Enterprises, Inc.*, 431 Pa. 15, 244 A. 2d 658 (1968).

The final and more important question presently before us for decision is whether or not plaintiffs filed proper remittiturs, thereby consenting to a reduction in the jury verdicts, such as to deny defendant's right

to a new trial under the orders of the court below. It is clear that the "Acceptance of Remittiturs" was not an unqualified acceptance of or consent to the reductions the court ordered. The letter forwarded by plaintiffs' counsel to defendant's counsel enclosing a copy of the "Acceptance of Remittiturs" plainly so indicates. And it is rendered even more clear as to the claim of Lillian Reis on her own behalf by her appeal from the order of the court below wherein she challenges the correctness of the court's order in directing the reduction.

Acceptance of a remittitur, like the final judgment on a verdict, constitutes a full satisfaction of a plaintiff's claim against a defendant on a particular cause of action. A plaintiff cannot be deemed to have "accepted" the remittitur in *full satisfaction* of his claim and yet assert that he is entitled to more. Lillian Reis' very conduct in this case belies any real compliance with or acceptance of the remittitur. Under the circumstances, we conclude that the plaintiffs did not consent to the reductions ordered by the court.

An order by the trial court reducing a jury's verdict is the equivalent of a certificate that, in the opinion of that court, the original verdict cannot be supported. *Ralston v. Phila. R. T. Co.*, 267 Pa. 278, 110 A. 336 (1920). Where the trial court orders that the plaintiff consent to a reduction in the verdict or suffer a new trial, the plaintiff has the choice of accepting the reduction, suffering a new trial or seeking appellate review of the court's order granting a new trial. If the plaintiff consents to the reduction and files a proper remittitur, he has no standing to appeal from the court's order reducing the verdict. *Gough v. Halperin*, 306 Pa. 230, 159 A. 447 (1932). But if he refuses to accept or consent to the reduction, he is bound by that election and is left to the choice of suffering a new trial or seeking reversal on appeal of the court's order

152

granting the new trial. Cf. *Clarkson v. Crawford*, 285 Pa. 299, 132 A. 350 (1926).

It may be argued, as it is by the plaintiffs in this case, that none of the options outlined before, i.e., acceptance of the reduced verdict, rejection of the reduction with a consequent new trial, or an appeal from the court's order granting a new trial provide a verdict winner with a viable means to protect his interests. In this connection, it is asserted: (1) that if the verdict winner accepts unqualifiedly the reduction, he consents to receive an amount he deems inadequate; (2) that if the verdict winner rejects the reduction, he is forced to undergo the expense, time and risks of a second trial; (3) that if the verdict winner appeals from the order of the court granting a new trial (resulting from the rejection of the remittitur), he is bound to defend the reasonableness of the verdict even though he may himself consider it excessive in some amount, as well as defend the verdict from attack on every other ground asserted for a new trial by the losing party.

In the instant case, this argument may seem cogent at first blush in view of the large amount of the reduction ordered by the court in the award given Lillian Reis for defamation, i.e., approximately 60% or $450,000.

However, this position misinterprets the discretion and purposes of ordering a remittitur. As stated in *Hollinger v. York Railways Co.*, 225 Pa. 419, 74 A. 344 (1909) at 426 "[that] when it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the court should set aside *or* reduce the verdict." (Emphasis added.) In other words, when the trial court concludes that the sole and exclusive basis for the granting of a new trial is the excessiveness of the verdict, it may set aside the verdict entirely or give the verdict winner

the option of accepting a reduced verdict in lieu of a new trial. *Bell v. Yellow Cab Co.*, 399 Pa. 332, 160 A. 2d 437 (1960). This power to offer the option of a remittitur is a discretionary one. *Clarkson v. Crawford*, supra; *Cox v. Pennsylvania R. R. Co.*, 240 Pa. 27, 87 A. 581 (1913). The court is not always required to exercise the power.

It is out of fairness to the verdict winner and for his benefit that the court attempts to expedite and resolve the controversy by reducing the verdict to an amount the record supports and thereby save the difficulties incident to a second trial. The verdict winner has no claim to a remittitur as a matter of right. If he is dissatisfied with the amount of the remittitur, he may reject it. He is then faced with a new trial, or an appeal from the order granting a new trial, the same situation had no remittitur been offered by the court.

Viewed in this light, the claim of hardship by Lillian Reis as a result of the court's action in ordering a new trial upon the failure of "acceptance" of a reduced verdict is without merit.

Having concluded that the conditional acceptance of the reduced verdicts by Lillian Reis on her claim of defamation and by Barbara Corabi and Michael Corabi on their respective claims of invasion of privacy did not constitute an "acceptance" of these reduced verdicts, the judgments entered on these claims are stricken from the record. As to the claims of Barbara Corabi and Michael Corabi, no appeals having been filed from the order below granting a new trial, a second trial must ensue. However, as to the claims of Lillian Reis on her own behalf, she is entitled to proceed and have considered her appeals from the orders below granting a new trial in the action seeking damages for defamation and entering judgment

n.o.v. in the action involving her claim for unfair competition.

It is so ordered.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In this action for libel, slander, unfair competition, and invasion of privacy, the jury returned very substantial verdicts in favor of the plaintiffs, Lillian Reis Corabi, and her children, Barbara and Michael. After granting defendant Curtis Publishing Company's motions for judgments n.o.v. as to Mrs. Corabi's unfair competition and invasion of privacy actions, the trial judge ruled that Curtis would be granted a new trial on the remaining actions unless the Corabis filed remittiturs accepting a reduction in their total recoveries from $1,250,000 to $415,000.[1]   The order read in part:

"Appropriate remittitur in compliance with these reductions of the verdicts shall be filed by the plaintiffs within thirty (30) days hereof and in the event of noncompliance, the defendant is granted a new trial."

Within the thirty day period the Corabis filed an "Acceptance of Remittitur," which stated in part:

"The undersigned hereby accept the following remittiturs required by the orders of the Court dated June 24, 1969, without prejudice to whatever rights plaintiffs might have to have the remittiturs reviewed on appeal."

Following this recitation the document carefully and unconditionally stated that each of the verdicts was remitted, using language such as: "The verdict as to Count 2—the libel action involving Lillian Reis Corabi—is remitted to $100,000 compensatory damages and $200,000 punitive damages."

---

[1] The total jury verdict, including recoveries eliminated by the judgments n.o.v., was $1,825,000.

When this "Acceptance of Remittitur" was sent to counsel for Curtis it was accompanied by a letter from the Corabis' counsel, which read:

"Enclosed is your copy of an Acceptance of Remittiturs which we have this day filed with the Court.

"While we have attempted to phrase the Acceptance in a manner which will preserve any right which our clients might have to appeal the reductions in the verdicts, we have adopted this wording only as a cautionary measure.

"We have also reviewed the Orders in detail with Miss Reis and have been authorized to state that our clients are willing to compromise and settle this case in accordance with the Court's Orders."

On the basis of the above documents the majority finds that the Corabis' acceptance was not "unqualified," and that, suffering from this defect, it did not stay the effect of the trial Court's grant of a new trial.[2] I disagree.

It is my view that the language appended to the acceptance of the remittitur was, at most, surplusage, and should be discarded if found to be ineffective; thereby leaving the Corabis with at least their verdict in the remitted amount.

It is abundantly clear that the Corabis intended their remittiturs to be unconditional if it was determined that they had no further rights. They did not attempt to present their arguments and still preserve the option of either accepting or rejecting the remittitur. They clearly indicated that they did not want to relinquish the verdict if their choice was limited to either accepting the remittitur or appealing the grant of a new trial. They did not hide their inten-

---

[2] I concur in the result reached by the majority insofar as they find that the asserted defect in the judgment upon which this appeal is based was waived by Curtis.

tions or deal deceitfully with either the trial court or with Curtis. All the Corabis wished to do was preserve "whatever rights" they might have had; they clearly said that if they had no further rights they wished to accept the remittitur.

How else could anyone obtain appellate review of whether a remittitur could be conditioned except by doing what the Corabis did? Clearly, if they had filed what the majority believes to be an unconditional remittitur they would have been foreclosed from any appeal on any issue. *Gough v. Halperin,* 306 Pa. 230, 159 Atl. 447 (1932); *Clarkson v. Crawford,* 285 Pa. 299, 132 Atl. 350 (1926). And if they had refused to accept the remittitur the question would have been mooted and they would have had to accept the much less desirable appellate posture of resisting the grant of a new trial in place of the more comfortable position of supporting the award of a verdict. Since the Corabis could not have obtained appellate review of this interesting question in any other way without seriously prejudicing their case, I would not hold that their attempt, novel though it may have been, caused them to lose even their reduced verdict.

A further consideration is that the Corabis' action caused no harm to Curtis or any other party. Curtis' rights would in no way be adversely affected if the language which sought to preserve "whatever rights plaintiffs might have" was treated as surplusage and ignored. Further holding that the remittitur was effectively unconditional would put the case in the posture favored by the trial court. The trial court, after all, did not feel that, once the verdicts were reduced, Curtis deserved a new trial. The trial court affirmed the reduced verdict and held that it represented a fair adjudication of the controversy. Why should the majority now penalize the Corabis? For inventiveness? Because they tried something novel

and sought to preserve "whatever rights" they had? Because they wished this Court to hear and decide an important issue involving substantial rights? I can find no rationale sufficient to support or explain the majority's willingness to deprive the Corabis of an already greatly reduced jury verdict, when there is available the more reasonable and more appropriate alternative of merely regarding the conditions as surplusage and treating the remittiturs as unconditional.

Finally, I must note that the legal proposition advanced by the Corabis is hardly devoid of merit. Rather, I believe it to be a valid issue arising from a difficult problem. There is no a priori strength in the argument that a litigant should not be allowed to simultaneously acquiesce in the reduction of an assertedly excessive verdict and appeal the reduction. Only the "tradition" of the remittitur procedure and the conceptual difficulties injected by the use of such terms as "offer" and "acceptance" render the notion of a conditional remittitur unacceptable. Taken as an original proposition there is much to be said for permitting the use of "conditional remittiturs." After all, what is the judge really saying when he offers the too-successful litigant the option of accepting a remittitur? Is he not really saying that although the verdict as it stands is, in his opinion, too high, a lesser verdict would be appropriate? If this is what the trial judge is really saying, then allowing the use of "conditional remittiturs" would permit the case to be presented on appeal in an entirely accurate and very logical posture: the plaintiff would be arguing that he was entitled to at least the remitted verdict and probably more; the defendant would be arguing that the plaintiff should not have recovered anything, but that the most he was entitled to is the remitted verdict; and the trial court's opinion of the proper outcome would be represented by the amount of the remitted

verdict. Is not this a highly accurate and eminently fair way to handle the problem of an excessive verdict?[3] I think it is; and I certainly would not dismiss it out of hand.

Since I believe that a party who has remitted a portion of his verdict should be able to do so and still obtain appellate review as to the propriety of the remittitur, and since I can see neither justice nor reason in not at least permitting the Corabis to keep their verdict in the remitted amount, I must dissent.

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I agree completely with the majority opinion except in its conclusion that the "acceptance" of the reduced verdicts, being conditional, was not in fact an acceptance, and that the judgments entered on the reduced verdicts must accordingly be stricken. The court argues that since the "acceptance" was not unqualified, in that it sought to preserve the right to have the remittiturs reviewed on appeal, it is therefore not the equivalent of "full satisfaction of the claims"; hence it must be ignored altogether. I disagree.

The difficulty I have with this result is that it not only is contrary to the clearly expressed intention of the plaintiffs, but is not necessary to preserve the integrity of the remittitur practice as it is known in Pennsylvania, and which I agree has sound justification and practical value. The plaintiffs' acceptance was "without prejudice to whatever rights plaintiffs might have to have the remittiturs reviewed on appeal." It

---

[3] The Corabis are not the first litigants to assert that a conditional remittitur is an entirely proper device, see, *Curtis Publishing Co. v. Butts*, 351 F. 2d 702 (5th Cir. 1965), aff'd, 388 U.S. 130, 87 S. Ct. 1975 (1967); and other courts have obviously felt that the traditional remittitur procedure lacked an appropriate symmetry, see *Ralston v. Phila. R. T. Co.*, 267 Pa. 278, 110 Atl. 336 (1920).

is as if the plaintiffs had said, "We accept the reduced verdicts; but if there is now a right to have the amount of the reduction reviewed on appeal, we are not waiving such right." The Court now concludes, correctly I think, that there is no such right of review. The remittiturs are not being reviewed. Thus, the acceptance was without prejudice to the exercise of a right which is nonexistent. This should not, in my opinion, render the entire act of acceptance nugatory. Rather, the conditional words should be treated as surplusage and disregarded, and the acceptance of the remittiturs, and the judgments entered thereon, should be allowed to stand.

In this view of the case, the proper disposition of the appeals taken by plaintiff, Lillian Reis Corabi, at Nos. 499 and 529 would be to dismiss them.