## Kornstein v. Taylor

*Milton S. Lazaroff,* for plaintiffs.

*Jerome L. Markovitz,* for defendants.

BOLGER, J., March 8, 1974.—Plaintiffs in the cases at bar brought these actions in assumpsit in an

effort to recover from their alleged former, general partner, and the partnership itself, three-fourths of the values of the interests of plaintiffs in the partnership as the said interests appeared on the books of the partnership on December 31, 1969. To be more precise, plaintiffs claimed to have been limited partners with the individual defendant in the defendant-partnership and that, under the terms of the partnership agreement, they effectively withdrew as of December 31, 1969 and, thereby, became entitled to certain sums of money representing the values of their interests in the partnership as shown on the partnership equity statement as of December 31, 1969. Plaintiffs admitted, respectively, their receipt of one-fourth of their said interests, as per the terms of the agreement. They alleged, however, that defendants breached the said agreement by refusing to pay to plaintiffs, respectively, the remainder of the said interests of the latter parties in the partnership.

Defendants denied that plaintiffs held the status of "limited" partners under the said agreement. Instead, defendants asserted that plaintiffs were general partners. As such partners, defendants claimed that plaintiff had no right to demand the payment of their interests in the partnership until a dissolution of the said defendant, voted by the majority of the then limited partners and the individual defendant on August 20, 1970, was completed and the creditors of the partnership had been paid in full. In further defense, defendants asserted that plaintiffs, even if held to be limited partners, were barred by the terms of the Uniform Limited Partnership Act of April 12, 1917, P. L. 55, 59 PS §171, et seq. from receiving any further returns of their interests until, again, the partnership creditors were satisfied.

This court found for plaintiffs in each case on December 21, 1972. After a hearing held on exceptions to this verdict filed by defendants, the finding was vacated as to the individual defendant and affirmed as to the partnership. The latter defendant has appealed this court's disposition of its exceptions. The following is the opinion of this court sur those exceptions.

On January 1, 1969, the individual defendant and several other persons signed an agreement of limited partnership to conduct a business under the trade name of International Antique and Art Company. Plaintiffs did not sign this agreement. The plaintiffs did not sign the certificate of limited partnership which was filed in the prothonotary's office in order to achieve "limited" partner status for the parties to the said agreement under the laws of Pennsylvania. However, plaintiffs did invest in this partnership and they were treated by its designated general partner (the individual defendant) and the firm accountant as partners under the said agreement and in full accord with the terms thereof. In January of 1970, plaintiffs sent letters to the general partner of the International Antique and Art Company notifying the latter party of the intention of plaintiffs to withdraw as partners in the said company. The said general partner treated these letters as exercises by plaintiffs of their right to withdraw as spelled out in paragraph 19 of the agreement dated January 1, 1969, and forwarded to them letters approving their withdrawals effective as of December 31, 1969. Under the agreement of January 1, 1969, plaintiffs were to receive the value of their interests in the partnership in five payments within 15 months from the date of their withdrawal. On December 31, 1969, the net

worth of the partnership was $493,837.75. On December 31, 1970, the net worth of the partnership was $245,042.74. On March 31, 1971, the net worth of the partnership was $170,033.24. The net worth of the partnership was the amount of money by which the firm assets exceeded in value the firm liabilities. In August of 1970, a majority of the then limited partners and the general partner in the International Antique and Art Company voted to dissolve the partnership in accord with the terms of the agreement of January 1, 1969, and to make no payments to any limited partners, current or withdrawn, except on a pro rata basis after the firm debts had been paid.

This court's order of July 17, 1973, disposing of defendants' exceptions, was dictated by the application of the following principle of Pennsylvania partnership law to the facts found to exist in the preceding paragraph.

"A true partnership relation flows from a contract between the parties thereto either express or implied: . . . In the absence of countervailing prohibition of the law or the intervening rights of third persons, the provisions of such a contract is the law of the partnership between the partners": O'Donnell v. McLoughlin, 386 Pa. 187 (1956).

Neither plaintiffs nor defendants can deny that the former individuals were, until December 31, 1969, partners in the partnership known as the International Antique and Art Company which was established on January 1, 1969, by the parties to the agreement of the same date which has been referred to above. Therefore, in the absence of countervailing prohibitions of the law or the intervening rights of third persons, the rights of plaintiffs and defendants, among themselves, are governed by the terms of the

said agreement. Under paragraph 19 thereof, plaintiffs clearly had the right to withdraw from the International Antique and Art Company. Their exercises of this contractual right were recognized and approved by the admitted general partner of the said partnership as being effective as of December 31, 1969.

Defendants now defend these cases at bar by claiming the right to withhold from the withdrawn partners of the International Antique and Art Company the unpaid balances of the sums promised to the latter parties in paragraphs 19(a) and 19(b) of the agreement of January 1, 1969. In support of the foregoing contention, defendants assert that further payments to plaintiffs are barred by the amendment to the partnership agreement which was executed on or about August 20, 1970; and the withdrawn partners were general partners in the said company and, as such, cannot withdraw their interests in the firm until the dissolution voted on August 20, 1970, is completed and the firm creditors are paid because the partnership has suffered heavy losses in its net worth since December 31, 1969.

The paragraphs of the partnership agreement of January 1, 1969, providing for the rights of the "limited" partners to withdraw and the payment to them of their interests in the partnerhsip, do not refer to ordinary matters arising in the conduct of the partnership business. They are basic rights of the "limited" partners under their contract between themselves. As such, they cannot be modified as to any "limited" partner without his consent: Clarkson et al. v. Crawford, 285 Pa. 299, 304 (1926). Plaintiffs have in no way consented to the terms of the agreement of amendment dated August 20, 1970. Therefore, their rights under the agreement of January 1,

1969, to withdraw and be paid the values of their interests, as against the remaining partners, were not affected, in any way, by the later agreement.

As the foregoing discussion indicates, this court has concluded, as a matter of law, that, as between the parties to the agreement of January 1, 1969, plaintiffs were, until December 31, 1969, "limited" partners with all of the rights and liabilities of such partners under the said agreement. However, it has also found, as a matter of law, that the failure of plaintiffs to sign the certificate of limited partnership called for in paragraph 5 of the agreement renders them general partners as to third persons, including creditors of the International Antique and Art Company, and makes the Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §1, et seq. controlling as to all matters arising between plaintiffs and defendants which are not covered in the agreement: Wisocki, Admx. v. Howell, 37 D. & C. 2d 666, 667-70 (1965).

In determining whether there are any countervailing prohibitions of the law which make the rights of plaintiffs under their contract with defendants unenforceable, this court must turn, not to the Uniform Limited Partnership Act of 1917 but to the Uniform Partnership Act of 1915, Act of March 26, 1915, P. L. 18, 59 PS §1, et seq. The latter Act, in the opinion of this Court, contains no prohibitions which would bar plaintiffs from exercising their right to withdraw from the International Antique and Art Company and taking their interests in the said partnership with them. The provisions of section 38 of the Uniform Partnership Act, 59 PS §100, which give the remaining partners the right to insist on certain applications of the partnership property, do not come into play until the partnership has been dissolved. The International Antique and Art Company was not dissolved by the

withdrawals of plaintiffs. Rather, it was formally dissolved, in accord with the terms of the agreement of January 1, 1969, by an agreement between the general partner and a majority of the remaining limited partners on August 20, 1970. The aforesaid section of the Uniform Partnership Act does not apply, in any event, where the partnership agreement provides otherwise. The agreement of January 1, 1969, does not contain any provision giving the remaining partners the right to dissolve the partnership retroactively. It does contain promises to make certain payments to withdrawn partners within 15 months of their withdrawal. Those promises bind the remaining partners and the partnership even as to the unpaid funds due the withdrawn partners despite section 38 of the Uniform Partnership Act, 59 PS §100, because they constitute agreements between the partners to apply the assets of the partnership in a manner other than that provided for in the said section of the said law.

The agreement of August 20, 1970, not being binding upon plaintiffs, there being no countervailing prohibitions of law barring recovery by plaintiffs, and no creditors of the International Antique and Art Company being parties to this suit, this court hereby makes the following rulings on the exceptions filed by defendants. Exception number one is dismissed as to the partnership and sustained as to the general partner. Exception number two is sustained. Exception number three is dismissed. Exception number four is dismissed. Exception number five is dismissed. Exception number six is dismissed. Exception number seven is dismissed. Exception number eight is dismissed. Exception number nine is dismissed. Exception number ten is dismissed. Exception number eleven is dismissed. Exception number twelve is dismissed. Exception number thirteen is dismissed.

14

Exception number fourteen is dismissed. Exception number fifteen is dismissed. Exception number sixteen is dismissed. Exception number eighteen is dismissed.

And now, July 17, 1973, after oral argument and consideration of the briefs, the finding for plaintiffs against Isidor Taylor, individually, is vacated, and the finding for plaintiffs against the limited partnership, International Antique and Art Company is affirmed, as set forth in the finding of December 21, 1972.