J-A23043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.L.B., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| S.A.T., | : | |
| | : | |
| Appellee | : | No. 395 WDA 2014 |

Appeal from the Order entered on January 28, 2014
in the Court of Common Pleas of Cambria County,
Civil Division, No. 2008-3924

BEFORE:  DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 10, 2014**

J.L.B. ("Father"), *pro se*, appeals from the Order entering his Praecipe for Entry of an Adverse Order.  We reverse and remand.

Father and S.A.T. ("Mother") are the parents of a daughter, R.E.B. ("Child"), born on February 5, 2008.  Father and Mother never married. Father and Mother briefly resided together in Johnstown after Child's birth. Mother moved out in August 2008.  Thereafter, Father filed a Complaint for Custody.  After hearings, the trial court granted the parties shared legal custody, primary physical custody to Mother and partial physical custody to Father.  This Court affirmed the trial court's Order.  ***See J.L.B. v.***

*S.A.T.*, 996 A.2d 532 (Pa. Super. 2010) (unpublished memorandum).[1]

The trial court set forth the relevant procedural history as follows:

[On February 25, 2013, Mother filed a Notice of Proposed Relocation.] Domestic Relations Hearing Officer David Beyer, Esq., ["Mr. Beyer"] was assigned to conduct hearings and prepare a report with recommendations relative to [Mother's] relocation request to move from Cambria County to Blair County to reside with her fiancé and [Child].

Mr. Beyer conducted two days of hearings on May 3, 2013, and July 25, 2013. On July 26, 2013, Mr. Beyer issued an [Interim] Report stating that the parties agreed to incorporate the relocation request into the custody evidentiary hearing testimony and that more testimony would be needed to complete the record. The reason for the interim recommendation – which found that [Child's] best interest would be served by permitting relocation with [] [M]other to Bellwood, Pennsylvania – was, in part, to permit [] [M]other to provide her current landlord with notice of the move, and to begin enrolling [] [C]hild in her new school district. [On August 1, 2013, the trial court entered an Interim Order allowing Mother to relocate based upon Mr. Beyer's interim recommendation.]

[On October 2, 2013, Father filed a Praecipe to Cancel the Hearing that was scheduled for October 4, 2013, and schedule the matter for pre-trial conference before a trial judge.] Following the final hearing on October 4, 2013, Mr. Beyer filed the "Report of Hearing Officer" on October 21, 2013, encompassing the custody and relocation issues, recommending that the [trial c]ourt affirm [Mother's] relocation request as a final order, and recommending, *inter alia*, shared legal custody, primary physical custody of [Child] with [] [M]other, and partial [physical] custody of [Child] with [] [F]ather. The parties were advised that exceptions must be filed within twenty (20) days. Neither party filed exceptions within 20 days.

---

[1] Subsequently, the parties filed Petitions that are not relevant to this appeal. However, we note that Judge Joseph Leahey has recused himself from this case. Further, Father asked President Judge Timothy P. Creany to recuse based upon various accusations. Father's request was denied.

On November 12, 2013, twenty-two (22) days after [Mr. Beyer] filed his Report, [Father], *pro se*, filed a document entitled "Letter re: No Exceptions to the Hearing Officer's Recommendations."

[Father], *pro se*, then filed a "Petition for Emergency Special Relief" on January 2, 2014. The document, paragraphs 3-9, berates witnesses to the domestic proceedings and members of the Cambria County Judiciary and Bar. Paragraphs 10 through 17 challenge [Mr.] Beyer's procedures and scheduling relative to the custody/relocation hearings. Paragraphs 18 through 25 berate the [trial c]ourt.

On January 7, 2014, the [trial c]ourt issued an Order treating [Father's] "Petition for Emergency Special Relief" as a petition for review of the [Mr. Beyer's] Report. [A h]earing was scheduled for January 29, 2014, but continued until March 12, 2014, upon request of [Father's counsel.]

On January 28, 2014, [Father] filed a "Praecipe for Entry of an Adverse Order." [Father] cites Pa.R.A.P. 301(e) (Emergency Appeals) as authority for the filing.

\*\*\*

[Father] filed [a] Notice of Appeal … on February 27, 2014, and the case was docketed as a Children's Fast Track appeal on March 10, 2014. At the time the appeal was filed, [Mr. Beyer's] Report and Recommendations had not yet been signed [or] adopted by the [trial c]ourt, and designated as a Final Order.

At the hearing on March 12, 2014, the [trial c]ourt, on the record, indicated that it intended to affirm the [Mr. Beyer's] Report and Recommendation. No written Order issued[] because … due to the filing of [the] instant Fast Track Superior Court appeal, [the trial court] lacked jurisdiction to affirm the Report and Recommendations. [The trial court also allowed Father's counsel to withdraw as counsel on March 12, 2014.]

Trial Court Opinion, 3/14/14, at 1-3 (footnote omitted).

On appeal, Father raises the following questions for our review:

1. Did the trial court fail to provide due process?

- 3 -

    A. Did the trial court fail to follow the applicable rules for custody and/or relocation? Is the trial court in contempt of court?

    B. Did the [trial court] err by failing to dismiss the matter?

    C. Is the trial court in contempt of the rules of custody?

    D. Did [Mr. Beyer] lack subjective jurisdiction?

    E. Did the trial court show bias against Father and/or for Mother?

    F. Is the only remedy a new trial?

2. Did the trial court err in granting [] [M]other primary custody and allowing relocation as being in the best interest of [Child in] light of the evidence and considering the applicable factors?

3. Did the trial court err by not ordering a custody and/or psychological evaluation?

4. Did the trial court err by not awarding [Father] counsel fees?

Brief for Appellant at 5.

Before addressing Father's claims, we must determine whether his appeal is properly before us. The trial court found that no final order was entered, as it did not adopt or enter Mr. Beyer's Report and Recommendation as an order of the court. Trial Court Opinion, 3/14/14, at 3. The trial court further found that it did not grant permission to appeal any order and that there was no interlocutory order entered, which could be appealed as of right. *Id*. at 4. The trial court also stated that Father's appeal from the Praecipe for Entry of an Adverse Order did not fulfill the

- 4 -

requirements under Pa.R.A.P. 301(e) to be considered an appealable order.

***Id***. at 2-3, 4.

Appellate Rule 301(e) provides the following:

> **(e) Emergency appeals.** Where the exigency of the case is such as to impel an immediate appeal and the party intending to appeal an adverse action is unable to secure the formal entry of an appealable order pursuant to the usual procedures, the party may file in the lower court and serve a praecipe for entry of an adverse order, which action shall constitute entry of an appealable order for the purposes of these rules. The interlocutory or final nature of the action shall not be affected by this subdivision.

Pa.R.A.P. 301(e).

> By its plain terms, this subsection contemplates: 1) an exigency that not merely authorizes, but "compels" an immediate appeal; 2) an actual "adverse action" by the tribunal below which is the proper subject of an immediate appeal, but which has not yet been recognized by the formal entry of an order; and 3) an "inability" (not a mere disinclination) on the part of the aggrieved party to "secure" the formality of entry of the order by "usual procedures." The Rule thus contemplates an existing, appealable adverse action, and exigent circumstances; with the "mere formality" of the entry of the order missing; where normal channels of seeking entry of the order have been attempted, to no avail.

***Commonwealth v. Abdul-Salaam***, 996 A.2d 482, 487 (Pa. 2010).

Here, the trial court entered an Interim Order on August 1, 2013, which allowed Mother to relocate with Child. Thereafter, on October 21, 2013, Mr. Beyer entered his recommendation that Mother's relocation request be granted. No exceptions were filed and the trial court did not take any action until after January 2, 2014, when Father filed the "Petition for Emergency Special Relief." Following Father's Rule 301(e) Praecipe, the trial

court indicated that it would affirm the Mr. Beyer's recommendation, but would not enter an order due to the filing of this appeal.

This case involved Mother's request for custody and relocation of Child, which the **court** did not act on for over a year. Further, while Mr. Beyer had recommended that Mother's request be granted, the trial court, while apparently agreeing with the recommendation, did not enter any order to this effect. Moreover, as noted *infra*, the trial court failed to follow the relevant rules and statutes in addressing Mother's Petition. Based upon the facts of this specific case, and in the interests of preserving judicial resources, we conclude that Father met the requirements of Rule 301(e).[2] Thus, we will address the merits of Father's appeal.

In his first claim, Father contends that the trial court failed to afford him due process in addressing Mother's Petition. Brief for Appellant at 17. Father argues that the trial court failed to hold a hearing before a judge on Mother's Petition, as required by the applicable rules for custody and relocation. *Id*. at 18-20, 23; *see also id*. at 26-28 (wherein Father argues

---

[2] We note that Pennsylvania Rule of Appellate Procedure 905(a)(5) provides that a premature appeal may be treated as proper where a final order has been entered. Pa.R.A.P. 905(a)(5). As noted above, the trial court indicated that it would affirm the Mr. Beyer's Report and Recommendation, but would not enter an order due to the fact that this appeal was pending. Under Pennsylvania Rule of Appellate Procedure 1701(a)(6), the trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal … ." Pa.R.A.P. 1701(a)(6). Based upon our conclusion that Father's appeal met the requirements of Rule 301(e), and in the interests of preserving judicial resources, we need not remand the matter to the trial court to enter a final order.

that Mr. Beyer did not have jurisdiction to hear the merits of Mother's Petition). Father further argues that the trial court failed to provide a prompt decision on Mother's Petition. *Id*. at 21-23. Father asserts that the trial court was in contempt for failing to follow the applicable rules and statutes. *Id*. at 24-26. Father claims that he is entitled to a new trial. *Id*. at 28-29.

Initially, we observe that the Child Custody Act ("Custody Act"), 23 Pa.C.S.A. §§ 5321 to 5340, is applicable. *See C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Custody Act, *i.e.*, January 24, 2011, the provisions of the Act apply). With any custody case decided under the Custody Act, the paramount concern is the best interests of the child. *See* 23 Pa.C.S.A. §§ 5328 and 5338. When addressing a relocation petition, the **trial court** must address the best interests of the child pursuant to all of the factors listed at 23 Pa.C.S.A. § 5328(a) and all of the relocation factors listed at 23 Pa.C.S.A. § 5337(h). *See A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014); *see also* 23 Pa.C.S.A. § 5328(a) (stating that "[i]n ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child …."); *id*. § 5337(h) (stating that "[i]n determining whether to grant a proposed relocation, the court shall consider the following

factors, giving weighted consideration to those factors which affect the safety of the child ….”); *id*. § 5323(d) (stating that the court must delineate the reasons for its custody decision in open court or in a written order or opinion).

Further, with regard to relocation, section 5337(g) states the following:

> **(g) Hearing.--**
>
> (1) Except as set forth in paragraph (3), **the court** shall hold an expedited full hearing on the proposed relocation after a timely objection has been filed and before the relocation occurs.
>
> (2) Except as set forth in paragraph (3), **the court** may, on its own motion, hold an expedited full hearing on the proposed relocation before the relocation occurs.
>
> (3) Notwithstanding paragraphs (1) and (2), if the court finds that exigent circumstances exist, **the court** may approve the relocation pending an expedited full hearing.

23 Pa.C.S.A. § 5337(g) (emphasis added); *see also* Pa.R.C.P. 1915.17(d) (stating that “[t]he procedure in any relocation case shall be expedited. There shall be no requirement for parenting education or mediation prior to an **expedited hearing before a judge**.”) (emphasis added).

Moreover, Pennsylvania Rule of Civil Procedure 1915.4, which provides for the prompt disposition of custody cases, states, in relevant part, the following:

> **(a) Initial Contact With the Court.** Depending upon the procedure in the judicial district, the parties’ initial in-person contact with the court (including, but not limited to a conference with a conference officer pursuant to Rule 1915.4-2, a

conference with a judge, conciliation, mediation and/or class/seminar) shall be scheduled to occur not later than 45 days from the filing of a complaint or petition.

**(b) Listing Trials Before the Court.** Depending upon the procedure in the judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision. If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court shall, *sua sponte* or on motion of a party, dismiss the matter unless a party has been granted an extension for good cause shown, or the court finds that dismissal is not in the best interests of the child. The extension shall not exceed 60 days beyond the 180 day limit. A further reasonable extension may be granted by the court upon agreement of the parties or when the court finds, on the record, compelling circumstances for a further reasonable extension. If an extension is granted and, thereafter, neither party files a praecipe, motion or request for trial within the time period allowed by the extension, the court shall, *sua sponte* or on the motion of a party, dismiss the matter unless the court finds that dismissal is not in the best interests of the child. A motion to dismiss, pursuant to this rule, shall be filed and served upon the opposing party. The opposing party shall have 20 days from the date of service to file an objection. If no objection is filed, the court shall dismiss the case. Prior to a *sua sponte* dismissal, the court shall notify the parties of an intent to dismiss the case unless an objection is filed within 20 days of the date of the notice.

**(c) Trial.** Trials before a judge shall commence within 90 days of the date the scheduling order is entered. Trials and hearings shall be scheduled to be heard on consecutive days whenever possible but, if not on consecutive days, then the trial or hearing shall be concluded not later than 45 days from commencement.

**(d) Prompt Decisions.** The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension. In no event shall an extension delay the entry

of the court's decision more than 45 days after the conclusion of trial.

Pa.R.C.P. 1915.4.[3]

The applicable rules and statutes plainly require the trial court to hear any petitions regarding custody and relocation of a child. **See** 23 Pa.C.S.A. § 5337(g); Pa.R.C.P. 1915.17(d). Further, Rule 1915.4 directs courts to hold a hearing on the petition and provide a prompt decision. **See** Pa.R.C.P. 1915.4(b), (c); **see also** Pa.R.C.P. 1915.4, cmt. (stating "that the interests of children who are the subjects of custody litigation would best be served by a requirement that the litigation be concluded within specific time frames."). Here, the trial court completely disregarded the relevant rules and statutes when it directed Mr. Beyer to conduct hearings on Mother's

---

[3] We note that subsection (b) of Rule 1915.4 was modified, with an effective date of June 25, 2013, which is after Mother's Petition was filed in this case. Subsection (b) previously stated the following:

> **(b) Listing Trials Before the Court.** Depending upon the procedure in the judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision. If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court shall dismiss the matter unless the moving party has been granted an extension for good cause shown, which extension shall not exceed 60 days beyond the 180 day limit. A further reasonable extension may be granted by the court upon agreement of the parties or when the court finds, on the record, compelling circumstances for a further reasonable extension.

Pa.R.C.P. 1915.4(b) (effective until 6/25/13).

relocation Petition and did not provide a prompt decision as required under section 5337(g) and Rules 1915.17(d) and 1915.4. ***See Lachat v. Hinchcliffe***, 769 A.2d 481, 487 (Pa. Super. 2001) (stating that the trial court abuses its discretion if it does not follow proper legal procedure).

We note that Father seeks dismissal of the custody matter, under Civil Rule 1915.4(b), based upon the trial court's failure to hold a trial on the Petition. Brief for Appellant at 22; ***see also Harrell v. Pecynski***, 11 A.3d 1000, 1004-05 (Pa. Super. 2011) (holding that the trial court properly dismissed a custody action, *sua sponte*, where the parties failed to comply with the prior version of Rule 1915.4(b)); ***Dietrich v. Dietrich***, 923 A.2d 461, 465-66 (Pa. Super. 2007) (same). While the prior version of Rule 1915.4(b) was in effect at the time Mother filed the Petition, and allows for an outright dismissal of the custody action, we decline to dismiss the proceedings in this case. Here, Mother's Petition was filed in February 2013, and the trial court entered an Interim Order allowing Mother to relocate Child in August 2013, pending final disposition. Thus, to avoid any further delay and to promptly determine the best interests of Child, and because Child has already been relocated, we will remand the matter to the trial court to address Mother's Petition.

Based upon the foregoing, we remand this matter to the trial court and direct it to hold a trial on Mother's Petition to relocate Child in compliance with the applicable rules and statutes. The trial court must ignore any

evidence presented before Mr. Beyer and any recommendations made by him. Further, the trial court must address each of the factors at sections 5328(a) and 5337(h) and promptly delineate its reasons for its decision in open court or in a written opinion or order. *See* Pa.R.C.P. 1915.4(d).[4]

Based upon our disposition of Father's first claim, we decline to address his remaining claims.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014

---

[4] Based upon the record before this Court, Father appears to have a distrust in the judges on the Court of Common Pleas of Cambria County. *See, e.g.,* Petition for Special Relief, 1/2/14, at 3-4 (unnumbered). Further, the trial court clearly contravened the relevant rules and statutes by assigning a hearing officer, rather than a trial judge in Cambria County, to conduct the custody hearings. Thus, we direct the trial court to determine whether this case would be better served to be heard by an out-of-county trial judge.