J-S53036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAY WARREN ENDSLEY, JR., | |
| Appellant | No. 518 WDA 2014 |

Appeal from the Order March 21, 2014
in the Court of Common Pleas of Fayette County
Criminal Division at Nos.: CP-26-CR-0000649-2013;
CP-26-CR-0000651-2013;
CP-26-CR-0000756-2013;
CP-26-CR-0000808-2013;
CP-26-CR-0000936-2013

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED OCTOBER 30, 2014**

Appellant, Jay Warren Endsley, Jr., purports to appeal *pro se* from the "dismissal" of his claims pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. He fails to appeal from an appealable order. We quash.

On June 3, 2013, Appellant entered a counseled "general" (open) guilty plea to multiple counts of passing bad checks and theft by deception. (**See** N.T. Guilty Plea, 6/03/13, at 7). On August 2, 2013, the court sentenced Appellant at Nos. 651, 649, 808, and 756 of 2013 to an

---

[*] Retired Senior Judge assigned to the Superior Court.

aggregate term of incarceration of not less than fifteen nor more than thirty months in a state correctional institution. (*See* N.T. Sentence Proceedings, 8/02/13, at 3-6). The sentences were concurrent to each other but consecutive to sentences Appellant was already serving. (*See id.*). Appellant was ineligible for RRRI because of a prior rape conviction. (*See id.* at 3).

On August 16, 2013, the court sentenced him at No. 936 of 2013 to a term of incarceration of not less than fifteen nor more than thirty-six months in a state correctional institution. (*See* N.T. Sentence Proceedings, 8/16/13, at 4). This sentence was consecutive to the sentences imposed at Nos. 651, 649, 808 and 756 of 2013. (*See id.*). Therefore, Appellant received a total aggregate sentence on the counts at issue of not less than thirty nor more than sixty-six months' incarceration in a state correctional institution, consecutive to the sentences he was already serving.[1]

Appellant filed a *pro se* PCRA petition on January 27, 2014. The court appointed counsel, who filed a **Turner**/**Finley**[2] "no merit" letter and was

_____

[1] Appellant maintains that he received an aggregate sentence of not less than two years and nine months' nor more than five years and nine months' incarceration. (*See* PCRA Petition, 1/27/14, at 2). Appellant does not support or explain the differentiation. The actual length of Appellant's sentence is not at issue here.

[2] *See* **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

permitted to withdraw. The court filed a Rule 907 notice of intent to dismiss. (*See* Order, 3/19/14). On March 29, 2014, Appellant filed a purported notice of appeal *pro se* "after receiving a no-merit letter from [PCRA counsel.]" (Notice of Appeal, docketed 4/01/14) (capitalization omitted). After ordering and receiving a Rule 1925(b) statement of errors from Appellant, the PCRA court filed a "Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925." (*See* Statement, 5/27/14; *see also* Pa.R.A.P. 1925(a)). The statement concludes summarily that there are no issues of material fact, and all issues are without merit. (*See* Statement, *supra* at 1, 2).

Appellant raises two questions in his brief:

[1.] Was the Appellant wrongfully convicted of charges that were dismissed?

[2.] Was pre-trial counsel ineffective for advising Appellant he now must enter a guilty plea to charges dismissed, and face a sentence of house arrest and/or probation that the court of common pleas refused to sentence Appellant to any deal made?

(Appellant's Brief, at 3).

"To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Colavita*, 606 Pa. 1, 21, 993 A.2d 874, 887 (2010). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Commonwealth v. Sam*, 597 Pa. 523, 952 A.2d 565 (2008), *cert. denied*, 558 U.S. 828, 130 S. Ct. 50, 175 L.Ed.2d 42 (2009).

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014)

However, before we are permitted to review the merits of an appeal pursuant to the PCRA, we must determine if we have jurisdiction. "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. In this case there is no such order in the record or on the docket, only the notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.

With exceptions not applicable here, this Court lacks jurisdiction to review an appeal from anything but a final order. ***See*** Pa.R.A.P. 301. Neither a "no merit" letter nor a notice of intent to dismiss is a final order. ***See*** Pa.R.A.P. 341.

Furthermore, we are constrained to disagree with the PCRA court's treatment of Appellant's notice as a "premature [n]otice of [a]ppeal." (Statement, at 1). The record reveals that the PCRA court never issued an order of dismissal. An appeal can only be regarded as premature if a final order is subsequently entered. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed **after such entry and on the day thereof**.") (emphasis added).

No final order was entered here. Therefore, the appeal cannot be regarded as "premature."[3] We have no jurisdiction to review this purported appeal. *See Commonwealth v. Abdul-Salaam*, 996 A.2d 482, 488 (Pa. 2010) (quashing misleadingly characterized appeal as legal nullity).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2014

---

[3] Moreover, if we had jurisdiction, we would quash the appeal for a fatally defective brief (and reply brief) and frivolity. While Appellant's brief is meandering and often incomprehensible, the chief discernible argument is that, contrary to every indication in the record, including written and oral guilty plea colloquies, the charges "were dismissed." (Appellant's Brief, at 9; Reply Brief, at 3). The purported support for this assertion, apparently an excerpt of an informal status advisory letter from the Public Defender, patently contradicts the claim. (*See* Appellant's Brief, at 10, Exhibit A; *see also* Commonwealth's Brief, at 1-2) (asserting Appellant's claim of wrongful conviction is "entirely disingenuous"). Notably, Appellant raised the claim that his charges were to be *nolle prossed* after restitution at the second sentencing hearing. (*See* N.T. Sentence Proceedings, 8/16/13, at 3). The sentencing court rejected the claim. (*See id.*). Were we to review this appeal on the merits, we would conclude that Appellant's brief is fatally defective and his claims are utterly frivolous.