IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Watson, : 
           Petitioner : 
  : 
  : 
     v. : 
  : 
  : 
Pennsylvania Board of Probation : 
and Parole, :   No. 451 M.D. 2024
           Respondent :   Submitted: August 8, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: September 25, 2025

Before this Court are the Pennsylvania Parole Board's (Board)[1] preliminary objections (Preliminary Objections) to Marvin Watson's (Petitioner) Petition for Review in the nature of Declaratory Judgment and Writ of Mandamus (Petition). After review, this Court sustains the Board's second Preliminary Objection and dismisses the Petition without prejudice.

Petitioner is currently in federal custody. *See* Petition ¶ 1. On June 10, 2013, the Philadelphia County Common Pleas Court (Philadelphia Common Pleas) sentenced Petitioner to 30 to 90 months of incarceration followed by 36 months of probation relative to the case at Docket No. CP-51-CR-0004945-2010. *See* Petition ¶ 2. The Board subsequently paroled Petitioner. *See* Petition ¶ 3. In December of

---

[1] The General Assembly renamed the Pennsylvania Board of Probation and Parole the Pennsylvania Parole Board effective as of February 18, 2020. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115; *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

2020, Petitioner completed his parole and his probation began. *See* Petition ¶ 4. Thereafter, federal authorities in the Eastern District of Pennsylvania (Eastern District) arrested Petitioner on new charges. *See* Petition ¶ 5. In May of 2022, Petitioner pled guilty to the federal charges in the Eastern District. *See* Petition ¶ 6. The Eastern District subsequently sentenced Petitioner to 108 months followed by 5 years of supervised release. *See* Petition ¶ 7. Petitioner is currently serving that federal sentence. *See* Petition ¶ 8. Thereafter, Petitioner's counsel (Counsel) filed a motion to terminate Petitioner's probation in Philadelphia Common Pleas, which Philadelphia Common Pleas ultimately granted on February 1, 2023. *See* Petition ¶ 9.

In January 2024, the Board lodged a detainer against Petitioner. *See* Petition ¶ 11. Believing that this was an error, Counsel submitted an Administrative Remedies Form contesting the detainer. *See* Petition ¶ 12. By August 21, 2024 letter, the Board notified Counsel that his "attempt to request relief from [Petitioner's] detention as a potential violator cannot be accepted[]" and declared that "no further action w[ould] be taken on [Counsel's] correspondence at th[at] time." Petition ¶ 13.

On September 20, 2024, Petitioner filed the Petition in this Court's original jurisdiction seeking a declaratory judgment establishing that the Board's January 2024 detainer was illegal as a matter of law, and a writ of mandamus compelling the Board to correct its files, databases, and records and vacate Petitioner's detainer. On October 29, 2024, the Board filed the Preliminary Objections, alleging therein that this Court lacks jurisdiction over this matter and that Petitioner has failed to show that (1) he has a clear right to the relief he requests, or a (2) corresponding duty in the governmental body (demurrer).

2

Initially,

> [i]n ruling on preliminary objections, [this Court] must "accept as true all well-pleaded material allegations in the petition for review," as well as inferences reasonably deduced therefrom. *Garrison v. Dep't of Corr.*, 16 A.3d 560, 563 n.5 (Pa. Cmwlth. 2011). Th[is] Court need not accept as true conclusions of law, "unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

> A preliminary objection in the nature of a demurrer admits well-pleaded facts and inferences reasonably deduced therefrom in order to test the legal sufficiency of a petition for review. *Id*. A demurrer can "be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted." *Id*.

*Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 972 n.7 (Pa. Cmwlth. 2023), *aff'd*, 328 A.3d 467 (Pa. 2024).

The Board first argues that because Petitioner seeks the lifting of a restriction placed on his liberty, he seeks habeas corpus relief over which this Court lacks jurisdiction. Petitioner rejoins that mandamus is appropriate as he is seeking to vindicate his fundamental right to liberty rather than asking this Court to issue a writ of habeas corpus.

Section 761(a) of the Judicial Code states, in pertinent part:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

> (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not

3

ancillary to proceedings within the appellate jurisdiction of the court[.]

42 Pa.C.S. § 761(a). Section 6503 of the Judicial Code specifically provides:

> **(a) General rule.**--Except as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever.
>
> **(b) Exception.**--Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503.

> The Pennsylvania Supreme Court has explained:
>
> Section 761(a)(1)(i) [of the Judicial Code] states that the Commonwealth Court lacks subject-matter jurisdiction over claims that constitute "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." 42 Pa.C.S. § 761(a)(1)(i). The language "in the nature of" signals that a court is not cabined by the most generic categorization of the requested relief. Doing so would risk contradicting legislative intent, as creative plaintiffs can mask the nature of a claim through artful pleading. [The Pennsylvania Supreme Court] ha[s] recognized that the captioning of a pleading does not control. In *Commonwealth v. Porter*, . . . 35 A.3d 4, 12 ([Pa.] 2012), [the Pennsylvania Supreme Court] stated: "Misdesignation does not preclude a court from deducing the proper nature of a pleading." (citing *Commonwealth v. Abdul-Salaam*, . . . 996 A.2d 482 ([Pa.] 2010)). In *Abdul-Salaam*, [the Pennsylvania Supreme Court] stated, "[n]otwithstanding the exclusivity of the [Post Conviction Relief Act (]PCRA[)[2]] for such collateral attacks, appellant styled the petition as a 'Third

---

[2] 42 Pa.C.S. §§ 9541-9546.

4

*Protective* Petition for Habeas Corpus Relief.'" *Id*. at 483-84. [The Pennsylvania Supreme Court] quashed the appeal as interlocutory and indicated that "the court should decide the serial PCRA petition - styled by appellant as his 'Third Protective Petition.'" [*Id*. at 488.] These cases indicate that a court should examine the arguments and the requested relief to discern the true "nature" of the claim.

*Scott v. Pa. Bd. of Prob. & Parole*, 284 A.3d 178, 189 (Pa. 2022).

The *Scott* Court expounded:

[T]he starting point for determining the "nature" of a given claim requires an examination of what effect the requested relief would have in light of the legal theories offered in support. In short, if the necessary consequence of granting relief based on the supplied arguments is that the conviction or sentence is undone or otherwise modified, then the claim is in the "nature of . . . a writ of habeas corpus or post-conviction relief[.]"

*Id*. (quoting 42 Pa.C.S. § 761(a)(1)(i)). Further, "if a claim is testing the legality of commitment[,] it is in the nature of habeas corpus and[,] thus[,] is not within the Commonwealth Court's original jurisdiction[.]" *Id*. at 191.

Here, because Petitioner does not challenge his criminal conviction or sentence, the consequence of his action would not undo or modify either. Further, Petitioner is not challenging the legality of his underlying commitment. Therefore, a remedy under the PCRA or habeas corpus is not available. Accordingly, this Court has subject matter jurisdiction and, therefore, overrules the Board's first Preliminary Objection.

The Board next argues that Petitioner does not state a viable mandamus claim because: (1) Petitioner fails to aver when the criminal conduct that led the Board to issue the detainer occurred, making it impossible to determine as a matter of law whether he possessed a right or the Board had a duty with regard to the detainer; and (2) a mandamus action cannot be used to establish a legal right. Petitioner rejoins that the absence of a date in the Petition is not fatal to his right to

5

relief, and, in any event, he should be permitted to amend the Petition. Petitioner further retorts that mandamus is appropriate because he is seeking to vindicate his fundamental right to liberty rather than asking this Court to create or recognize a new right.

> "Mandamus is an extraordinary writ 'which will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy.'" *Cimaszewski v. Bd. of Prob. & Parole*, . . . 868 A.2d 416, 422 ([Pa.] 2005) (quoting *Bronson v. Pa. Bd. of Prob. & Parole*, . . . 421 A.2d 1021, 1023 ([Pa.] 1980)). "[T]he purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

*Clymer v. Schmidt*, 324 A.3d 640, 649 (Pa. Cmwlth.), *aff'd*, 322 A.3d (Pa. 2024).

Relevant to Petitioner's requested relief, Section 6138(a) of the Prisons and Parole Code specifies, in relevant part:

> **Convicted violators.--**
>
> (1) **The [B]oard may**, at its discretion, **revoke the parole of a paroled offender if the offender**, **during the period of parole or while delinquent on parole**, **commits a crime punishable by imprisonment**, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.
>
> (1.1) In addition to paragraph (1), **a parolee under the jurisdiction of the [B]oard released from a correctional facility who**, **during the period of parole or while delinquent on parole**, **commits a crime** punishable by imprisonment for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere or of any misdemeanor of the

6

third degree or of any of the following offenses[3] where graded as a summary offense, **may** at the discretion of the [B]oard **be recommitted as a parole violator**[.]

. . . .

(2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted . . . .

61 Pa.C.S. § 6138(a) (text emphasis added).

Here, because Petitioner did not specify the date of his criminal activity in the Petition, neither the Board nor this Court can determine whether he was on parole at the time thereof. If Petitioner was on parole at that time, the Board properly lodged the detainer. If Petitioner was not on parole at that time, the Board erred by doing so. Based on Petitioner's allegations, "there is [not] a clear legal right in [] [Petitioner], [and] a corresponding duty in the [Board,]" to lift the detainer. *Clymer*, 324 A.3d at 649. Accordingly, this Court sustains the Board's second Preliminary Objection.

---

[3] The offenses include: (i) Possession of a firearm in a court facility under Section 913(b)(3) of the Crimes Code, 18 Pa.C.S. § 913(b)(3) (relating to possession of firearm or other dangerous weapon in court facility); (ii) Harassment under Section 2709 of the Crimes Code, 18 Pa.C.S. § 2709 (relating to harassment); (iii) Retail theft under Section 3929 of the Crimes Code, 18 Pa.C.S. § 3929 (relating to retail theft); (iv) Disorderly conduct under Section 5503 of the Crimes Code, 18 Pa.C.S. § 5503 (relating to disorderly conduct); (v) Public drunkenness under Section 5505 of the Crimes Code, 18 Pa.C.S. § 5505 (relating to public drunkenness and similar misconduct); (vi) Cruelty to animals under Section 5533 of the Crimes Code, 18 Pa.C.S. § 5533 (relating to cruelty to animals); (vii) Aiding or abetting a minor to commit truancy under Section 6301 of the Crimes Code, 18 Pa.C.S. § 6301 (relating to corruption of minors); (viii) Selling or furnishing nonalcoholic beverages to minors under Section 6310.7 of the Crimes Code, 18 Pa.C.S. § 6310.7 (relating to selling or furnishing nonalcoholic beverages to persons under 21 years of age). *See* 61 Pa.C.S. § 6138(a)(1.1).

For all of the above reasons, the Board's first Preliminary Objection is overruled, its second Preliminary Objection is sustained, and the Petition is dismissed without prejudice. Petitioner may file an amended petition for review within 30 days.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marvin Watson, :
          Petitioner :
           :
          v. :
           :
Pennsylvania Board of Probation :
and Parole, : No. 451 M.D. 2024
          Respondent :

### O R D E R

AND NOW, this 25th day of September, 2025, the Pennsylvania Parole Board's (Board) first Preliminary Objection to Marvin Watson's (Petitioner) petition for review (Petition) is OVERRULED, the Board's second Preliminary Objection to the Petition is SUSTAINED, and the Petition is DISMISSED without prejudice to file an amended petition for review within 30 days of the date of this Order.

_____
ANNE E. COVEY, Judge